## PIERCE VS. KNEELAND and others.

An agreement entered into between a mortgagor and mortgagee, at the time the mortgage was given, that certain portions of the mortgaged property valued at certain sums should be released from the lien of the mortgage, when a sum equal

thereto, should be paid on it, but which did not run to the mortgagor and his *assigns*, is personal in its character and cannot be enforced by a grantee of the mortgagor.

An agreement between a mortgagee and mortgagor that certain portions of the mortgaged premises valued at certain sums, should be released from the lien of the mortgage when a sum equal thereto should be paid on it, provided the mortgagor should strictly perform the conditions of the mortgage and the bond it was given to secure; cannot be enforced by the mortgagor after he has made default in making a payment according to the condition of the bond.

A covenant in a mortgage, that the mortgagor will pay a certain sum in addition to taxable costs, as solicitor's fees in case of its foreclosure, binds the mortgaged property and may be enforced against a subsequent purchaser in an action to foreclose the mortgage.

Where after the trial of an action to foreclose a mortgage and the announcement of the decision, but before it was reduced to writing and filed, the plaintiff without notice to the defendants, procured an order allowing him to amend his complaint by setting out a covenant in the mortgage, for the payment of solicitors fees, and directing that sum to be included in the judgment. *Held,* That this amendment was within the power of the court, and that the power was properly exercised.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mortgage on several lots in the city of Milwaukee, executed by Allison Lewis and Jonathan Taylor to the plaintiff, to secure the payment of $10,000, according to the condition of their bond for that sum. The complaint alleged, among other things, that the mortgagors had parted with all their interest in the mortgaged premises; and they were not made parties to the action. *James Kneeland,* one of the defendants, answered, denying each and every allegation of the complaint. *Daniel Bennett* and *John J. Orton,* two of the defendants, answered denying that there was any more than $2,500, with interest from June 13th 1856, due on the mortgage, admitting that they were subsequent purchasers of the interest of Allison Lewis in the mortgaged premises, and that the defendant *Kneeland* was a subsequent purchaser of the interest of Jonathan Taylor therein, and alleging that the plaintiff for a valuable consideration, at the time of the execution and delivery of the said bond and mortgage, executed, under his hand and seal, and delivered to the said mortgagors, Lewis and

Taylor, an agreement bearing even date therewith, whereby he covenanted and agreed "to and with the said Allison Lewis and Jonathan Taylor" that he would at any time, on receiving any of the amounts mentioned in a schedule annexed thereto opposite to one or more of the said lots so mortgaged by them, so far as he could without releasing the balance that might be due on the bond and mortgage, and without releasing other portions of the mortgaged premises; release the lot or lots marked opposite such amounts so paid, provided that the covenants and conditions of said mortgage should be faithfully kept and performed" by them, the said Allison Lewis and Jonathan Taylor. This agreement and the schedule annexed, were set out at length in the answer, and the schedule contained a list of the mortgaged lots, opposite to each of which was designated a certain sum, some of which said lots were situated in the fourth ward of Milwaukee, and the remainder in Sherman's addition to said city. The answer further alleged that they, as purchasers of the interest of Lewis in the mortgaged premises, had paid to the plaintiff the sum of $2,500 of the principal sum secured by the mortgage, besides interest, by which payment and said agreement they became entitled to have certain of said lots, to an amount, according to said schedule of prices, equal to $2,500 released; that on the 1st of March, 1857, and before the action was commenced, they offered to pay the sum of $1,250 of the sum due, besides interest, to the agent of the plaintiff, being the sum they were equitably bound to pay, as between them and *Kneeland*, and to receive a release of the lots to the amount so paid, according to said agreement; and further offered with said *Kneeland* to pay the sum of $2,500, with interest on $5,000 from June 13, 1857, with exchange on Boston, in discharge of the amount due on said bond and mortgage, but that said agent refused to discharge any of said lots from the lien of the mortgage, or to receive the $2,500, with the interest which had been accruing, in discharge of the amount then due on the

mortgage, and that the defendants were then and still are ready and willing, and thereby offered to pay the said amount, with exchange on Boston, with costs of suit, and that they desire certain lots (specifying them) released from the lien of said mortgage, under and pursuant to the terms of said agreement; and prayed that judgment might be entered discharging such lots from the lien of the mortgage; and that upon the payment of $2,500, with interest upon $5,000 from June 13th, 1857, with exchange on Boston, that the complaint be dismissed without costs against them, &c. The cause was tried June 2, 1860, the defendant *Kneeland* not appearing. The plaintiff gave in evidence the bond and mortgage, and the defendants *Orton & Bennett* gave in evidence the agreement set forth in their answer. *John J. Orton*, one of the defendants, testified as follows: On the 7th day of March, 1858, there had been $5,000, and interest to June, paid on the mortgage mentioned in the complaint, which payment had been made one-half by me and one-half by *James Kneeland.* On that day, I demanded of Carlos Pierce, who is the agent and attorney of the plaintiff, and who was then in my office in the city of Milwaukee, that the said plaintiff release to me the following described lots: Lot 5, block 65, lot 8, block 80, in the fourth ward; lots 5 and 8 in block 37, lots 3 and 4, block 9, lots 6 and 7 block 29, lots 1, 2, 3 and 4, block 24, in Sherman's addition, in pursuance of the stipulations of the contract, and demanded o the said Pierce that he make and execute such release in the name and on behalf of the plaintiff, and as his attorney in fact, which the said Pierce, as such agent and attorney of the plaintiff, then and there refused to do or cause to be done. Afterwards, and on or about the 3d of May, 1858, said Piercn again came to the city of Milwaukee, and came to see me in reference to the bond and mortgage mentioned in the complaint. I then offered to pay to said Pierce, for the said plaintiff, the sum of $2,500, with interest form the 13th day of June, 1857, and exchange on Boston at the current rate, and

demanded from him that the plaintiff release the following described lots. Lots 14, 15, 16, block 22, lot 1, block 42, lot 10, in block 43, in Sherman's addition ; lot 4, block 134, lot 10, block 132, and lot 14, block 135, fourth ward. Said Pierce,, acting for said plaintiff, then and there refused to release any of the lots described in said mortgage, unless I would pay the entire amount due on the bond. I did not make a formal tender of coin to said Pierce ; I offered to give him a draft on Boston. I further offered to said Pierce to pay my proportion of the mortgage debt and interest, and exchange and costs of suit, if he would release the lots above mentioned, from said mortgage, but he refused to make any release under that contract whatever.

Upon the above evidence the case was submitted. On the 19th of July, 1860, the decision of the court was filed, deciding, as matter of fact, that no tender of any sum of money was made by the defendants *Bennett & Orton*, according to the requirements of the contract; and as a matter of law that they were not entitled to have any part of said mortgaged premises released. Exceptions were then taken to the finding by the defendants *Bennett & Orton*. This decision was announced in court on the 14th day of July, 1831, and on the 17th of the same month, and before said decision was signed and filed, the plaintiffs' attorneys procured, without notice to the defendants, an order reciting that it appeared from the evidence, that the mortgage contained a covenant on the part of the mortgagees, that they would pay, in case of the foreclosure of the mortgage, $100 in addition to the taxable costs, for solicitors' fees ; and directing that the complaint be amended by inserting an allegation of said covenant, and that the said $100 be allowed to the plaintiff in addition to the taxable costs. The defendants *Kneeland, Orton & Bennett*, afterwards excepted to this order, because it was made without notice ; that the covenant set up was not the covenant of the defendants or either of them ; that it was made after the final hearing and decision, and sets

up a new cause of action, and did not allow the defendants to answer it. Judgment of foreclosure in the ordinary form was entered against the defendants, allowing the plaintiff the said sum of $100 besides taxable costs. The defendant, *Kneeland*, excepted to the judgment because there was no finding on the issue made by his answer. The defendants, *Kneeland, Orton* and *Bennett* appealed.

*E. Mariner*, for appellants.

1. The court erred in allowing an amendment of the complaint so as to set out the covenant to pay a solicitor's fee. This was a new cause of action and the power of the court to allow amendments does not extend to adding new causes of action, 9 How. pr 75, and if it did, new causes of action can only be added on motion, R. S. chap. 135, §§, 28, 29, and a motion could only be brought on by giving notice, Rule 22, circuit court. 2. The covenant to pay solicitor's fees was not made a charge on the land by the mortgage and was not the personal covenant of either of the defendants. 3. The court erred in rendering judgment for the full amount of the mortgage debt. The judgment relates to the situation of the parties when the action was commenced and only part of the debt was then due. The plaintiff did not exercise his option to declare the whole due, as he might have done, 7 Wis. 442; 9 Wis. 57. 4. The circuit court erred in omitting to make and file a finding of facts and conclusions of law as to the defendant *Kneeland. Ogden vs. Glidden,* 9 Wis., 46. 5. The circuit court erred in rendering judgment that the lots mortgaged be sold and that none of them be released. The defendants, *Kneeland* and *Orton* had complied with all the conditions of the bond as to the first $5,000 due, and they were entitled to have an amount of lots equal in value to that sum, released under the agreement.

*Brown & Ogden* for respondent.

*By the Court,* COLE, J. It appears to us that the stipulation

entered into between *Pierce* and the mortgagors Lewis and Taylor, in reference to releasing portions of the mortgaged property, is not available to the defendants. It was not an agreement which professed to run to the mortgagors and *assigns*. It was personal in its character, and therefore did not inure to the benefit of subsequent purchasers. For a person might be very willing to enter into an agreement with his immediate grantee to release a part of the property on being paid a portion of the mortgage debt, without being willing to make a similar stipulation with any one who might subsequently purchase the property. And furthermore, it is very clear that the mortgagors themselves could insist upon the release, only upon strictly performing the conditions of the bond and mortgage ; by making all payments of principal and interest as they became due. It appears that default was made in these payments. Interest and principal were not paid when they became due. So that even if the stipulation was one running to subsequent purchasers, and not personal as already intimated, yet the conditions were not performed upon which the release was to be made.

It is objected that the court erred in allowing an amendment of the complaint, so as to set out the covenant to pay solicitor's fees. The mortgagors covenanted in the mortgage itself, that in case of foreclosure they would pay to the mortgagee, in addition to the taxable costs in the suit, one hundred dollars solicitor's fees. We think the court had ample authority to make that amendment to the complaint, and that this authority was rightfully exercised. It could not possibly work any surprise on the defendant. The mortgage was on record, and they were bound to take notice of the existence of this covenant.

Again, it is objected that the covenant could not be enforced against subsequent purchasers, But we fail to see any good reason why it could not. In case of foreclosure the property was bound for the payment of the one hundred dollars solicit

or's fees, as much as it was for the taxable costs. The defendants purchased the mortgaged property subject to the incumbrance, and it is certainly strange that they can relieve themselves from conditions in the mortgage which were binding upon their immediate grantors.

We think these remarks dispose of all the material objections in this case.

The judgment of the circuit court is affirmed.