## Keller *versus* Auble.

1. A decedent claimed and exercised acts of ownership over a tract of land for some time before and up to his death. His possession descended to his heirs as tenants in common.

2. One of them, who was also executor of his will, bought the land from a third person claiming to hold a perfect title. *Held,* that he could not hold the land against his co-tenants.

3. In ejectment against him, it was held that it was not necessary that a tender of the purchase-money should be made before commencing suit, as the defendant claimed in opposition to the trust.

May 6th 1868.    Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *York county:* to May Term 1868.

This was an action of ejectment brought August 16th 1866, by Magdalena Auble against Daniel Keller, for an undivided tenth part of nine acres of land.

The plaintiff and defendant, with eight others, were the children of Samuel Keller, deceased.

The plaintiff gave evidence of the possession of this land by the decedent from about the year 1831 up to the time of his death, March 31st 1863; also evidence of negotiations between the children, including the defendant, which were never consummated, for the sale of the land to one or more of them. Also the will of Samuel Keller, proved September 7th 1863. By this will he made provision for the support of his wife, and gave her a life estate in a tract of land which he ordered to be sold by his executors at her death, and the proceeds divided amongst such of his heirs as should then be living.

He gave small legacies to three of his children. He then gave the residue of all his estate, real and personal, to his ten children, whom he named. He also gave them the privilege, commencing with the oldest, to take two farms belonging to him, at a price for each farm which he named; and if none of them should take these farms, he directed his executors to sell them, the proceeds in either case to be divided amongst his children. The tract in question was not mentioned specifically in the will. He appointed his son Daniel Keller (the defendant), and three others, his executors. The defendant gave in evidence several conveyances, tracing the title of this land from John Penn to David G. Barnitz, on the 3d of September 1841, and a deed dated March 2d 1864, from Barnitz to himself. The consideration paid to Barnitz was stated to be $45.93.

The plaintiff submitted several points to the court on the question of the Statute of Limitations, which the finding of the jury makes it unnecessary to state. He submitted other points, which with the answers of the court are as follows:—

[Keller v. Auble.]

" 5. If the jury believe Samuel Keller was in the actual possession of the land at the time he made his will and at the time of his death, and that Daniel Keller accepted as devisee and legatee under said will and received his share and acted as executor, and if said Daniel Keller knew his father was in possession of said land when he made his will and at the time of his death, then Daniel Keller is trustee for the other devisees under said will and he cannot retain any title acquired by him subsequently to the death of testator against them and to their prejudice, but holds the same in trust for them and as their trustee."

Answer : " If the defendant knew that Samuel Keller was in the actual possession of the land, and used it as a wood lot, being one of the executors, he could not purchase for his own use. If he purchased, he holds as trustee for the use of the heirs of Samuel Keller, deceased."

" 6. As Daniel Keller, the defendant, now repudiates that he holds in trust for the plaintiff and other devisees, and claims entirely for himself, it is such conduct and bad faith on his part as dispenses with any tender on the part of defendant before suit brought, if otherwise he had been entitled to a tender before suit brought."

Answer : " The court answer this point in the affirmative, but we further instruct the jury that if the plaintiff is entitled to recover, he can only recover a conditional verdict, subject to the payment of one-tenth of the purchase-money, which David Barnitz received from the defendant on the 2d of March 1864, with interest from that date."

The jury found for the plaintiff the one undivided tenth part of the land claimed; execution to stay till the plaintiff pays or tenders $7.

The defendant took a writ of error; and, among others, assignèd for error the answers to the above points.

J. Gibson, for plaintiff in error.—As to the 5th point cited Weaver v. Wible, 1 Casey 270 ; Lloyd v. Lynch, 4 Id. 419 ; Fisher's Appeal, 10 Id. 29 ; Hall's Appeal, 4 Wright 409 ; Miller v. Shaw, 7 S. & R. 143 ; Wright v. Guier, 9 Watts 172 ; Hughes v. Stevens, 12 Casey 320 ; Clement v. Wright, 4 Wright 250 ; Noel v. White, 1 Id. 523 ; Warden v. Eichbaum, 2 Harris 126 ; McPherson v. Cunliff, 11 S. & R. 422 ; Van Horn v. Fonda, 5 Johns. Ch. R. 388.

V. Keesey, for defendant in error.—The decedent had title by possession, which the defendant, having accepted under the will, cannot declare invalid : De Haven v. Landell, 7 Casey 126 ; Van Horn v. Fonda, supra. As tenant in common the defendant could not purchase for himself : Litt. § 307 ; Smiley v. Dixon, 1 Penna.

[Keller *v.* Auble.]

Rep. 439 ; Myers's Appeal, 2 Barr 463 ; Cook *v.* Nicholas, 2 W. & S. 27 ; Weaver *v.* Wible, Lloyd *v.* Lynch, *supra.* No agent can purchase for his own benefit: Chorpening's Appeal, 8 Casey 316 ; Fisher's Appeal, 10 Id. 31 ; Hockenbury *v.* Carlisle, 5 W. & S. 348 ; Galbraith *v.* Elder, 8 Watts 81 ; Cleavinger *v.* Reimar, 3 W. & S. 486 ; Chronister *v.* Bushey, 7 W. & S. 152 ; Beeson *v.* Beeson, 9 Barr 279 ; Wilson *v.* Bigger, 7 W. & S. 125 ; Gable's Ex'rs. *v.* Daub, 4 Wright 217 ; Beck *v.* Uhrich, 4 Harris 503.

The opinion of the court was delivered, May 14th 1868, by

THOMPSON, C. J.—Title by the Statute of Limitations in the ancestor of the parties to this suit was negatived by the jury, and the only party who could complain of this is the defendant in error. But she makes no complaint, and therefore all question on that subject is out of this case.

There was abundant evidence in the case that Samuel Keller, the father of both parties, had long claimed and exercised acts of ownership over the land in dispute, and up to the time of his death. Whether his title was perfect or not we need not inquire. His possession descended to his heirs as tenants in common. They would succeed by descent cast. Was it competent, therefore, to one of the executors, which the plaintiff in error and defendant below was, to buy in an outstanding title and hold against his co-tenant? The authorities cited by the defendant in error, to which many more might be added, most clearly establish that it was not, and to them we refer. His purchase was for the benefit of the tenants in common, if they or any of them chose to claim it. Magdalene Keller did so choose, and recovered. The defendant below claiming in opposition to the trust, it was not essential that a tender should have preceded the institution of the suit: Beck *v.* Uhrich, 4 Harris 503. This equity was preserved in the conditional verdict.

Seeing no error in any part of the case,

The judgment below is affirmed.