Argued 1 November; decided 11 December, 1899.

**HALD v. DAY.**

[59 Pac. 189.]

WRIT OF ASSISTANCE—SUFFICIENCY OF PETITION.—If it be conceded that it is a prerequisite to the obtainment of a writ of assistance in a foreclosure proceeding that the sheriff's certificate of sale should be exhibited to the party in possession at the time of the demand, an allegation in an affidavit for such a writ that plaintiff "demanded" possession of the property, which was refused, is sufficient, since under that allegation evidence can be admitted that the sheriff's certificate of sale was exhibited at the time demand was made.

From Tillamook :  HENRY H. HEWITT, Judge.

Application by A. P. C. Hald against John G. Day and Mary L. Day for a writ of assistance. Writ granted, and defendants appeal.          AFFIRMED.

For appellants there was a brief over the name of *Handley & Handley*.

For respondent there was a brief and an oral argument by *Mr. W. J. May*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an appeal from an order granting a writ of assistance in a foreclosure proceeding in the Circuit Court for Tillamook County. The affidavit for the order shows that the plaintiff commenced a foreclosure suit on August 12, 1895, wherein such proceedings were had that on August 28, 1896, he obtained a decree against defendants, John G. Day and Mary L. Day, his wife, directing, among other things, that certain premises belonging to them be sold to satisfy said decree ; that thereafter execution was issued in said cause, and on December 19, 1896, said premises were sold by the sheriff to plaintiff, to whom a certificate of sale was duly issued at the time ; that he is still the owner and holder of said certificate ; and "that defendants Day have no interest in said premises, other than the equity of redemption ; and that the plaintiff has demanded possession thereof, but said defendants refuse to surrender the same." Reference is made to the judgment roll, from which it appears that there is no direction in the decree that the sheriff shall put the purchaser in possession. The sufficiency of the application was tested by a demurrer, which being overruled, the writ was granted, and defendants appeal.

The only question presented is whether the affidavit states facts sufficient upon which to base the order or to award the writ. If, under our statute, it may be said to be a prerequisite to the obtainment of the writ that the sheriff's certificate of sale should be exhibited to the party in possession, it should accompany the demand, and would therefore characterize the mode or manner of making such demand ; so that, when it is alleged that a demand was made for possession, and the same refused, it would let in proof of the exhibition of the sheriff's certificate of sale. It is said by Mr. Freeman, in his work

on Executions (2 ed. § 37*e*), that the acts now required of the purchaser in most of the states as a prerequisite to the issuance of the writ are: "(1) Exhibit his deed to, and demand possession of, the parties against whom he wishes to proceed; (2) move the court to issue the writ, and, upon the hearing of the motion, establish such exhibit and demand, and that such parties remain in possession. Thereupon the writ will be ordered, unless good cause is shown against its issuance." See, also, *Montgomery* v. *Middlemiss*, 21 Cal. 103 (81 Am. Dec. 146). It seems to us that, if issue had been joined upon the merits, all the facts, within these authorities, necessary to the obtainment of the writ, could have been shown under the affidavit filed in this cause. It was therefore sufficient upon which to base the order. The demurrer thereto must be overruled, and the decree of the court below affirmed, and it is so ordered.          AFFIRMED.