Decided 15 April, 1901.

## CRAWFORD v. O'CONNELL.

[64 Pac. 656.]

TENDER—DEPOSIT IN COURT.

1. Where a party desires to escape a liability that can be avoided by making a tender and keeping it good, the tender should be deposited in court for the person entitled thereto.

TENANCY IN COMMON—CONTRIBUTION—PURCHASE BY COTENANT.*

2. One of several cotenants whose land is subject to a joint lien can not, without paying the entire debt, purchase the whole estate at a foreclosure sale under the lien, and thereby acquire a title enforceable against his cotenants; and, not only so, but he must contribute his share of the common burden which the others may have discharged.

From Coos :  HENRY L. BENSON, Judge.

This is a suit by A. M. Crawford against Eugene O'Connell and others for an accounting and contribution, to establish an interest in real property, and to compel the execution of a conveyance thereof.  The transcript shows that on June 18, 1889, the plaintiff, A. M. Crawford, and the defendants Eugene O'Connell, C. W. Tower, George W. Loggie, and C. H. Merchant purchased from Martha A. Tupper certain real property in Coos County for $8,000, taking the deed thereto in the name of plaintiff, who, by

---

*NOTE.—The following cases bear on the relation between cotenants, and support the principle underlying this decision: *Robinson* v. *Lewis*, 10 L. R. A. 101, with note, Person in Trust Relation Can Not Obtain Adverse Title to Trust Property, and 24 Am. St. Rep. 254, with note, Right of One Cotenant to Purchase the Interest of Another at a Tax Sale ; *McPheeters* v. *Wright*, 9 L. R. A. 177, with note, Tenant in Common Can Not Purchase for His Own Benefit an Adversary Claim ; *Barnes* v. *Boardman*, 9 L. R. A. 571, with note, Cotenant Can Not Purchase Outstanding Title or Incumbrance for His Own Benefit ; *Clark* v. *Lindsey*, 9 L. R. A. 740, with note, Tenant in Common Can Not Assert Adverse Claim by Payment of Taxes.

As to right of a cotenant to contribution from his cotenants where he has paid the taxes assessed against the whole common estate, see *Eads* v. *Retherford*, 5 Am. St. Rep. 611 ; *Preston* v. *Wright*, 10 Am. St. Rep. 257 ; *Barker* v. *Jones*, 13 Am. St. Rep. 586.

The case of *Ward* v. *Ward*, is published in 52 Am. St. Rep. 911, 924, with monograph, Liability of One Cotenant to Another for Rents and Profits Received From and for Expenditures Made Upon Their Common Property, and in 29 L. R. A. 449, with monograph, Liability of Cotenants for Improvements and Repairs.

—REPORTER.

agreement with said defendants, was to hold the legal
title for himself and in trust for them.    They paid $2,000
down, of which each contributed an equal part, and plaintiff gave his note for the balance, payable on or before
two years after date, and a mortgage on the property to
secure the same.    The land so conveyed was, by agreement of the parties, surveyed as the town site of West
Bandon, and a plat thereof duly filed and recorded, and
the streets indicated thereon were dedicated by a conveyance thereof to the public, executed by plaintiff and his
wife ;  the parties incurring as expenses incident thereto
the sum of $223.25, of which each paid an equal share.
The plaintiff, as trustee, by the advice and with the consent of the defendants, sold and conveyed to various persons several of the lots and blocks so platted, and, after
paying the expenses, realized the sum of $3,300, which,
on November 2, 1889, he paid to Mrs. Tupper, who indorsed the same on the note.    The plaintiff and wife,
O'Connell and wife, Tower, and Loggie, on January 23,
1890, executed a deed of the lots and blocks in West
Bandon remaining unsold to Merchant, who took the
title thereto for himself and in trust for his cotenants.
The plaintiff, on January 5, 1893, paid to Mrs. Tupper,
from his own funds, the sum of $460, which she indorsed
on his note.    Merchant, with the consent of the parties,
made further sales of said lots and blocks, receiving therefor the sum of $285, which, on October 11, 1893, he paid
to the mortgagee, who indorsed the same on plaintiff's
note ;  and he incurred expenses and paid taxes on the
property in the sum of $232.35, on account of which he
collected only the sum of $46.47, which was paid by
O'Connell.    Mrs. Tupper, having commenced a suit to
foreclose her mortgage, secured a decree October 12, 1895,
against the plaintiff for the sum of $3,509.10, the remainder due on the note, $150 attorney fees, and $12 costs,

and for the other relief demanded against the plaintiff and his associates ; and the premises were sold in pursuance thereof April 15, 1896, to the defendant J. W. Bennett, as agent of and in trust for O'Connell and Merchant, to whom he assigned the certificate of sale ; and the sum so realized, less the expenses, was credited upon the decree, leaving due thereon $2,376.40, which plaintiff, on February 22, 1898, discharged by paying the sum of $2,100,—thereby paying in all the sum of $3,004.65.

The defendants Loggie and Tower paid on account of the purchase of the land and for the survey thereof the sum of $444.65 each, but, having become insolvent, are unable to make any further contribution. O'Connell has paid the sum of $1,241.12, as follows : one fifth of the first installment, $400 ; his share of the expense of the survey, $44.65 ; one half of the purchase price of the land upon its sale under the decree, $750 ; and one fifth of the taxes paid and expense incurred by Merchant, $46.47. Merchant has paid the sum of $1,380.53, as follows : his share of the first installment, $400 ; for the survey, $44.65 ; one half of the purchase price on the sale under the decree, $750 ; and four fifths of the taxes and expenses incurred by him, $185.88. The plaintiff, in his complaint, alleges the facts to be in substance as hereinbefore stated, and further avers that he is entitled to a conveyance of an undivided one third interest in the lots and blocks purchased by O'Connell and Merchant, and to recover from them the sums of $947.52 and $722.08, respectively, with interest from March 5, 1898, the time this suit was commenced ; that he had demanded of them said sums, and that they execute to him a deed conveying said undivided interest in the real property, but they refused to comply therewith ; and prays that the defendants Loggie and Tower be decreed to have forfeited their respective interests in said property. The

defendant O'Connell filed an answer denying the material allegations of the complaint, and averring that he agreed to purchase an undivided one fifth interest in said real property, and to pay one fifth of the purchase price and of the expenses of selling the property, and that it was mutually understood that he was not to become responsible for the default of his associates, or held liable for any deficiency resulting from the failure of either of them to keep or perform his part of the contract; that Merchant was the plaintiff's agent, and as such represented to him that the sum so due from him on account of the purchase of said interest, in addition to what he had paid, was $657.94, which sum he tendered said agent, who refused to receive or accept the same; that J. W. Bennett, as his and Merchant's agent, purchased said premises for them upon a sale thereof under the decree, so as to avoid any possibility of having the sale construed as being made in the interest or for the benefit of either of the said parties; and that, said sale having been made in pursuance of a notice thereof duly published, of which the plaintiff had knowledge, but made no effort to protect his rights in the premises, he ought now to be estopped from claiming any interest therein. The other defendants having made default, the allegations of new matter in said answer were put in issue by a reply, whereupon the cause was referred to W. U. Douglas, and from the testimony taken by him the court found the facts in effect as hereinbefore stated, and that there was due to the plaintiff from O'Connell and Merchant the sums of $844.65 and $559.65, respectively, with interest from October 14, 1898, and that plaintiff was entitled to an undivided one third interest in the portion of the town site of West Bandon remaining unsold, and thereupon directed O'Connell and Merchant to execute a conveyance thereof to him within thirty days from the rendition of the decree, and further decreed

that Tower and Loggie had each forfeited all his interest in said premises; from which decree O'Connell appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Jos. W. Bennett.*

For respondents there was a brief and an oral argument by *Mr. Andrew M. Crawford, in pro. per.*

MR. JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion.

It is contended by appellant's counsel that the parties entering into the agreement to purchase the land from Mrs. Tupper were cotenants, and not partners in that or any other transaction, and that the following clauses in the deed executed by plaintiff and his wife and others to Merchant, viz.: "And whereas, said lands were purchased for and on behalf of said A. M. Crawford, C. H. Merchant, C. W. Tower, George W. Loggie, and Eugene O'Connell, each owning an undivided one fifth thereof," and "said premises are hereby conveyed subject to the mortgage heretofore mentioned, and each share or portion held in trust as aforesaid is liable and held for its proportionate share thereof,"— conclusively show that neither O'Connell nor Merchant was liable for any default of plaintiff, Tower, or Loggie; and, this being so, they could purchase at an involuntary sale the interest, and secure the legal title thereto, of either or all of said parties in the premises, and, having done so, the court erred in rendering the decree complained of.

1. It will be remembered that O'Connell alleges that Merchant was plaintiff's agent, to whom he tendered, as such, the sum of $647.94, his share of the common bur-

den, but that Merchant refused to accept the same. The agency having been denied in the reply, O'Connell, as a witness in his own behalf, says he tendered the sum so named to Merchant, but the latter testifies that O'Connell said he was ready and willing to pay his share, but that he did not remember of his ever having tendered any sum on account thereof. Whether O'Connell made such tender is immaterial, for, not having deposited the money in court for the person entitled thereto, the tender was unavailing as a means of escaping a liability which could have been avoided by keeping the tender good : *Welch* v. *City of Astoria*, 26 Or. 89 (37 Pac. 66); *Jacobs* v. *Oren*, 30 Or. 593 (48 Pac. 431). But, if the tender had been made to Mrs. Tupper of a sum sufficient to pay his proportion of the mortgage debt, she could not have been compelled to discharge the incumbrance upon his interest in the premises ; for the mortgage, having been executed by the plaintiff as agent for all the parties, and with their knowledge and consent, was, in effect, joint, and hence the mortgagee was entitled to have the whole demand continue secured by a lien upon the entire property until payment was made in full ; nor would she be obliged to submit to a decree for a sale of the undivided interests separately for the respective parts of the debt due her : *Frost* v. *Bevins*, 3 Sandf. Ch. *188. So that, whatever stipulations the parties may have incorporated in their deed changing trustees, while it may have been binding upon them, it did not in any manner limit the rights of the mortgagee, who was not a party to such instrument.

2. Conceding, without deciding, that the parties were not partners in the purchase of the land, the real question to be considered is whether a person sustaining in equity the relation of a tenant in common, whose interest in real property is subject to the lien of a joint mortgage, can,

without paying the debt, thereby securing an equitable assignment of the incumbrance, become the purchaser of the entire interest in the premises under a decree of foreclosure, and acquire a title which he can assert against his cotenants ; and, if this inquiry be answered in the negative, the concluding question is whether he can be required in equity to contribute his share of the common burden which another cotenant has been compelled to discharge. The rule is well settled that a tenant in common of land who neglects to pay his share of the tax imposed as an entirety thereon can acquire no title to the interest of his cotenant therein by bidding in the entire premises at a sale thereof for delinquent taxes : *Brown* v. *Hogle*, 30 Ill. 119 ; *Page* v. *Webster*, 8 Mich. 263 (77 Am. Dec. 446); *Butler* v. *Porter*, 13 Mich. 292 ; *Cooley* v. *Waterman*, 16 Mich. 366 ; *Maul* v. *Rider*, 51 Pa. 377 ; *State ex rel.* v. *Williston*, 20 Wis. 228 ; *Downer's Adm'rs* v. *Smith*, 38 Vt. 464. The reason upon which the decisions in those cases rests is that a tenant in common, in order to release his interest in the common property from the burden of taxes imposed as an entirety upon the whole estate, must pay at least his share of the sum exacted ; and that to allow him to escape this duty, and to purchase the whole estate at a sale thereof for the entire tax, if he could assert against his cotenants the title so secured, would be to permit him to take advantage of his own wrong. The sale of the mortgaged premises under the decree was not of an undivided interest of one or more cotenants, but of the entire estate of all of them, including that of O'Connell, who was also in default, in which case the rule, upon principle, must be the same as in the case of the sale of the whole property of cotenants for an entire tax, as far as applicable ; and as the plaintiff, with the knowledge and consent of all the cotenants, became personally liable for the payment of the common burden as an

entirety upon the whole premises by executing the promissory note, a court of equity will not permit O'Connell, except upon paying the entire debt, thereby procuring an equitable assignment of the mortgage, to secure a title to the whole estate by a purchase thereof at a forced sale, and still leaving a personal decree over against the plaintiff, but the title thus acquired will be decreed to be held in trust by the purchaser for such of his associates in the venture who, within a reasonable time, seek to be restored to their original estate in the premises by a contribution of their proportionate share of the burden ; and hence O'Connell can not assert such title against the plaintiff. Thus, in *Gibson* v. *Winslow*, 46 Pa. St. 380 (84 Am. Dec. 552), it was held that, where land owned jointly by three persons is purchased at sheriff's sale by one of them on an execution against all, the buyer can not set up his purchase adversely to them. He can at most only hold the former interests of his cotenants as their trustee. To the same effect, see *Rothwell* v. *Dewees*, 67 U. S. (2 Black), 613; *Sullivan* v. *McLenans*, 2 Iowa, 437 (65 Am. Dec. 780) ; *Titsworth* v. *Stout*, 49 Ill. 78 (95 Am. Dec. 577); *Jones* v. *Stanton*, 11 Mo. *433 ; *Keller* v. *Auble*, 58 Pa. 410 (98 Am. Dec. 297).

The defendants Loggie and Tower having failed to pay their proportion of the purchase price of the land, their respective interests therein, resulting from the payments which they had made on account thereof, were declared forfeited ; and, neither having appealed, they are concluded by the decree, and hence the interest of each inured to the plaintiff and to the defendants Merchant and O'Connell, thereby increasing their respective interests in the lots and blocks remaining unsold to an undivided one third thereof. Whether O'Connell would have been obliged to make any contribution in case he had paid one fifth of the purchase price and secured a title to one fifth

of such property from a cotenant who had purchased the entire estate under the decree or who had paid off the mortgage, it is not necessary to inquire ; for, having secured by his purchase at the involuntary sale a greater interest than he bargained for at the time the contract was entered into with Mrs. Tupper, it would be unconscionable to allow him to retain such interest without requiring him to bear his share of the common burden which the plaintiff had discharged.   O'Connell, though not a party to the note and mortgage, was liable in equity thereon to the extent, at least, of the purchase price which he agreed to pay, because the evidence of the debt and the security were executed by the plaintiff as his agent, with his knowledge and consent ; and, a sale of the mortgaged premises having been made under the decree to a virtual mortgagor, left the estate so purchased liable in equity to the deficiency in payment of the money decree, which, the plaintiff having paid, was tantamount to an assignment thereof which he can enforce against the property to the extent of the interest of the several cotenants remaining therein, and hence the plaintiff is entitled to an undivided one third of the property remaining unsold, and to the contribution awarded by the decree, which is affirmed.                         AFFIRMED.