Decided 24 November, 1902.

## GERMAN SAVINGS SOCIETY *v.* KERN.

[70 Pac. 709.]

EFFECT OF BOND TO PAY VALUE OF USE OF LAND PENDING APPEAL.

1. A bond given under Hill's Ann. Laws, § 538, subdivision 2, conditioned to pay all costs and damages awarded respondent on the appeal, to prevent waste, and, if the decree should be affirmed, to pay the value of the use and occupation of the mortgaged premises until delivery of possession, not exceeding a sum therein specified, absolutely stays the enforcement of the decree, and the mortgagor is entitled to remain in possession pending the appeal, although the filing of such a bond might not have the effect of ousting the purchaser if he had already entered into possession.

MORTGAGE FORECLOSURE—LIABILITY FOR USE PENDING APPEAL.

2. The signers of a bond conditioned to pay any deficiency if the decree should be affirmed, and the value of the use and occupation of the mortgaged premises until delivery of possession, are liable for the value of such use and occupation in addition to the deficiency.

From Mutnomah: ARTHUR L. FRAZER, Judge.

This is an action by the German Savings & Loan Society against Sarah M. Kern and the Fidelity & Deposit Co. of Maryland on an undertaking upon appeal. On May 6, 1898, the plaintiff obtained a decree against the defendants Kern in the circuit court of Multnomah County, foreclosing a mortgage on real property. On June 17th the mortgaged premises

were sold to it under an execution issued upon the decree, and the sale was confirmed on the 12th of July. The defendants Kern, however, remained in possession of the premises. On September 6th they appealed from the decree of foreclosure, and gave an undertaking, with the defendant the Fidelity & Deposit Co. as surety, conditioned that "the appellants will pay all damages, costs, and disbursements which may be awarded against them on the appeal," and, further, "that during the possession by said appellants of the said mortgaged premises so decreed to be sold they will not commit or suffer to be committed any waste thereon, and if such decree, or any part thereof, be affirmed, will pay the value of the use and occupation of said premises, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding the sum of two thousand dollars, fixed and ascertained by said court; also that said appellants will pay any portion of such decree remaining unsatisfied after the sale of the said premises covered by said mortgage, or which now remains after the sale of the said premises which has already been had, in case the same is not set aside." The Kerns continued in possession, receiving the rents and profits of the mortgaged premises, until the 13th of March, 1901, when, the decree in the foreclosure case having been affirmed, they vacated and surrendered possession to the plaintiff, as the purchaser under such decree and execution. It thereupon brought this action to recover the value of the use and occupation of the premises from the time the supersedeas bond was given until the delivery of the property. A demurrer to the complaint was overruled, and upon stipulation that the plaintiff, if found entitled to recover at all, should have judgment for $2,000, with costs and disbursements, a judgment for that amount was entered in its favor, from which the defendant surety company appeals.                    Affirmed.

For appellant there was a brief and an oral argument by *Mr. Robert G. Morrow.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith.*

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

1. By Section 307, Hill's Ann. Laws, a purchaser of real property sold under an execution on a judgment or decree is entitled to the possession thereof from the day of sale until a resale or redemption, unless it is in possession of a tenant holding under an unexpired lease, in which case he is entitled to receive from the tenant the rents, or the value of the use and occupation thereof, during the same period: *United States Mort. Co.* v. *Willis,* 41 Or. 481 (69 Pac. 266). But the question for decision here is whether, in case such purchaser has not gone into possession prior to the giving of a supersedeas bond, on appeal from the decree of foreclosure, his right to do so is suspended pending the appeal. The statute (Hill's Ann. Laws, § 538, subdivision 2) provides that the undertaking of the appellant shall be given, with one or more sureties, to the effect that he will pay all damages, costs, and disbursements that may be awarded against him on the appeal; but such undertaking does not stay the proceedings unless it further provides, in case the decree appealed from be for the foreclosure of a lien on real property, that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon, and, if such judgment or decree, or any part thereof, be affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge. In order, therefore, to stay proceedings on an appeal from a decree foreclosing a lien, it is necessary for an appellant, in addition to giving the ordinary undertaking for damages, costs, and disbursements, to provide therein that if the judgment or decree be affirmed he will pay the value of the use and occupation of the premises from the time of the appeal until the delivery of the possession of the property, not exceeding a sum fixed by the court. The filing of such an undertaking suspends all further proceedings under the decree until the final disposition of the appeal: 20

Enc. Pl. & Pr. 1229; *Bacon* v. *Green,* 36 Fla. 313 (18 South. 866). And in our opinion, if a purchaser at a sale under the decree has not gone into possession at the time the appeal is taken and the undertaking filed, his right to the possession is suspended thereby.

From the moment the property is struck off to him he becomes a party in interest, and submits himself to the jurisdiction of the court. He may move for a confirmation of the sale, or be called before the court for the purpose of compelling compliance with its terms, and in case of the refusal of the mortgagor to surrender possession on demand he is entitled to a writ of assistance to put him in possession: *Hald* v. *Day,* 36 Or. 189 (59 Pac. 189); 1 Freeman, Ex'ns (3 ed.), § 37*d*; Kerr, Supp. Wiltsie, Mortg. Forec. § 590. These proceedings, however, are all under and in pursuance of the decree under which the sale was made, and for the complete enforcement of its provisions. By the decree the plaintiff in the suit is not only entitled to an execution and order for the sale of the property, but the purchaser at such sale has a right to the aid and assistance of the court in putting him into possession. Indeed, it has been doubted whether he has any other remedy (*Aiken* v. *Aiken,* 12 Or. 203, 6 Pac. 682); but, however that may be, and whatever the steps taken to obtain possession, they must practically be under and in pursuance of the terms of the decree, and in furtherance of an uncompleted sale thereunder. When, therefore, further proceedings under the decree are stayed by an appeal, the right of the purchaser to the benefit of its provisions for the purpose of obtaining possession of the property must necessarily be suspended. In such a case, if the appellant is in possession at the time of the filing of the undertaking, he is entitled to so remain until the matter is fully adjudicated in the appellate court, he and his sureties on the bond being liable for the value of the use and occupation of the premises during his possession, not exceeding a sum fixed by the court, and named in the bond. If, however, the purchaser has entered into possession prior to the giving of the supersedeas bond, the mere filing of the bond will not oust him, nor

restore the appellant to possession; but, if he is not in possession, the bond is an effective stay of all further proceedings under the decree, and he must look to it for indemnity. The case of *Bank of B. C.* v. *Harlow*, 9 Or. 338, was an appeal from an order confirming a sale, and not from the decree under which the sale was made, and hence is not controlling here. Manifestly, an undertaking on an appeal from a decree confirming a sale could not affect the right of possession of the purchaser under the decree of foreclosure; but where the appeal is from the decree itself, and a proper undertaking given, the purchaser at the sale can take no proceedings pending the appeal to recover possession of the premises sold, because all such proceedings are thereby stayed to await the determination of the appeal.

2. The mortgaged premises did not sell for enough to satisfy the decree, and the defendant surety company was required, under the terms of its bond, to make up the deficiency; and therefore the plaintiff, as mortgagee, has already received its debt and interest. It is now insisted that it is not entitled to an additional sum for the value of the use and occupation of the mortgaged premises pending the appeal, and in support of this contention *Gerald* v. *Gerald*, 30 S. C. 348 (9 S. E. 274), is cited. That case holds, under a statute somewhat like ours, that a mortgagee is not entitled to recover the deficiency judgment and the value of the use and occupation of the premises pending the appeal, but that the latter shall go to aid in paying the mortgage debt. The question there, however, was the right of the mortgagee to receive the value of the use and occupation in addition to the amount due on the mortgage, while this action is brought by the purchaser at the foreclosure sale to recover the value of the use and occupation of the premises, of the possession of which it was deprived pending the appeal by the undertaking executed by the defendant as surety. Under the statute the plaintiff, as purchaser, was entitled to the possession of the property from the date of the sale, and, having been deprived thereof by the supersedeas bond, is entitled to recover on such bond the value of the use and occupa-

tion thereof, not exceeding the amount stated in the bond.
The judgment of the court below is affirmed.     AFFIRMED.