Argued January 19; affirmed January 31; rehearing denied
February 28, 1939

# EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES *v.* BOOTHE ET AL.

(86 P. (2d) 960)

*J. F. Boothe*, of Portland, for appellants.

*J. C. Dezendorf*, of Portland (Dey, Hampson & Nelson and Andrew Koerner, all of Portland, on the brief), for respondent.

RAND, C. J.   This appeal is from a decree foreclosing a mortgage on real property belonging to the defendants, who are subsequent purchasers thereof. The mortgage was executed on February 1, 1929, by defendants' grantors, Leon N. Lefebvre and wife, to secure the payment to Strong and MacNaughton Trust Company of a promissory note of even date therewith for the sum of $5,000, with interest thereon at the rate of six per cent per annum, and payable in installments

of $150 each on February first. and August first of each year, the last payment becoming due on August 1, 1938.

In and by its terms, the mortgage provided that the mortgagors agreed to pay the note according to its terms, to pay all taxes and assessments levied against the property and to keep the buildings thereon insured against loss by fire, and, in case suit or action was brought to enforce collection of the note or mortgage, the mortgagors would pay such sum or amount as the court should adjudge reasonable as attorney's fees in such suit or action. The mortgage also contained the provision that, if the mortgagors should default in the payment of any said sums, the mortgagee, at its option, should have the right to declare the mortgage and all sums secured thereby immediately due and collectible.

Strong and MacNaughton Trust Company assigned the note and mortgage to the plaintiff, the present owner and holder thereof. The property was conveyed to the defendants by the mortgagors subject to the lien of the mortgage but the defendants did not assume or agree to pay the mortgage.

On August 11, 1937, the plaintiff commenced this suit to foreclose the mortgage, alleging in the complaint that there was due and owing thereunder the sum of $4,850 as principal and interest thereon from and after August 1, 1936, at the rate of six per cent per annum; that taxes for three years had not been paid; that it had exercised its. option to declare all sums payable under the mortgage immediately due and collectible, and that $450 was a reasonable sum to be allowed plaintiff as attorney's fees in the suit, and prayed that the mortgage be foreclosed and that the mortgaged property be sold to satisfy the mortgage.

A few days after the suit had been commenced, the defendants offered to pay plaintiff in full satisfaction and discharge of the mortgage the sum of $4,850, together with accrued interest and the costs of the suit, but expressly refused to pay any sum as attorney's fees. Because of such refusal upon the defendants' part, the tender was denied.

The defendants answered, setting up said tender of the money and its non-acceptance by the plaintiff as a defense to the suit, and praying that the lien of the mortgage be decreed to be discharged because of said tender and plaintiff's refusal to accept the same, but the defendants failed to allege that the money tendered was brought into court and deposited with the clerk for the plaintiff as required by section 7-615, Oregon Code 1930, and, in fact as shown by the record, no money was ever brought into court by the defendants.

Upon the trial, the plaintiff had decree for the sums above stated and for the sum of $450 as attorney's fees and the property was ordered sold to satisfy said sums, but no judgment against the defendants personally was entered.

Section 7-615 provides:

"When in any action or suit for the recovery of money or damages only, the defendant shall allege in his answer that before the commencement thereof he tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause of action or suit, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender be found true, and the plaintiff do not recover a greater sum than the amount so tendered, he shall not recover costs off the defendant, but the defendant shall recover them off him."

■ Under this statute and under section 9-1401, Oregon Code 1930, which provides that:

"An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument, or property."

it has been uniformly held by this court that a tender of money, or other thing, is not a good tender unless the money, or thing tendered, is brought into court and deposited with the clerk for the benefit of the other party, and it is alleged that the thing tendered has been brought into court as required by the section first above quoted. See *Milton v. Hare,* 130 Or. 590, 611, 280 P. 511, and authorities there cited. Also see *Welch v. City of Astoria,* 26 Or. 89, 37 P. 66, and *Jacobs v. Oren,* 30 Or. 593, 48 P. 431. In *Crawford v. O'Connell,* 39 Or. 153, 64 P. 656, the court said:

"* * * Whether O'Connell made such tender is immaterial, for, not having deposited the money in court for the person entitled thereto, the tender was unavailing as a means of escaping a liability which could have been avoided by keeping the tender good".

■ However, even if the money tendered in the instant case had been brought into court, the tender would have been insufficient because the amount tendered was less than the amount then due under the mortgage. As applied to the payment of debts payable in money, the word "tender" was defined at common law as "an unconditional offer of payment, consisting in the actual production, in current coin of the realm, of a sum not less than the amount due": *Douglas v. Patrick,* 3 T. R. 683, Rev. Rep. 793, 6 Eng. Rul. Cas. 589; 26 R. C. L., p. 622. Except as modified by the legal tender acts defin-

ing what shall constitute legal tender for the payment of debts and by the two statutes above referred to and section 9-1403, Oregon Code 1930, the common-law definition of the word "tender" is still applicable in this state and the money tendered must be a sum not less than the amount due. For this reason alone, the attempted tender was invalid. At the time it was made the foreclosure suit had been commenced and the mortgage expressly provided that, if suit or action was brought to enforce collection of the note and mortgage, the holder of the mortgage should be entitled to recover attorney's fees. The suit having been commenced, the right to the payment of a reasonable attorney's fee had accrued and, since the tender did not include the payment of any attorney's fees, the tender, for that reason alone, was invalid. See 26 R. C. L., p. 639, where the authors say:

"A tender to be sufficient in law must be in amount at least equal to the amount due; and an offer of a part of the amount due does not avail as a tender. A tender after default has been held not sufficient, where no allowance was made for attorney's fees, especially where such fees were provided for in the obligation and as a part of the amount due in case of default. After a suit has been commenced, a tender, to be effectual, must be sufficient to cover the debt and costs that had accrued before the making of the tender."

See also 62 C. J., at p. 662, where it is said:

"* * * Where, however, the contract contains absolute provisions for the payment of attorney's fees, a tender is insufficient if it does not include such fees."

As stated, the defendants purchased the property subject to the lien of the mortgage, although not agreeing to assume payment thereof. Because they were such subsequent purchasers and had not agreed to

pay the mortgage debt, they contend that they were not liable for attorney's fees. 2 Wiltsie on Mortgage Foreclosure (4th Ed.), section 946, at page 1200, quoting from *Pierce v. Kneeland*, 16 Wis. 672, 84 Am. Dec. 726, answers a similar contention in these words:

"* * * The defendants purchased the property subject to the incumbrances and it is certainly strange that they can relieve themselves from conditions in the mortgage which were binding upon their immediate grantors."

Finding no error, the decree appealed from must be affirmed.

Affirmed.

BELT, KELLY and LUSK, JJ., concur.