Argued January 28; affirmed March 4; rehearing denied
April 1, 1941

## EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* BOOTHE ET AL.

(110 P. (2d) 932)

Before KELLY, Chief Justice, and BELT, LUSK and ROSSMAN, Associate Justices.

*J. F. Boothe*, of Portland, for appellants.

*Richard B. Maxwell*, of Portland (Dey, Hampson & Nelson and Andrew Koerner, all of Portland, on the brief), for respondent.

LUSK, J. On May 17, 1938, the plaintiff obtained a decree in the Circuit Court for Multnomah County foreclosing a mortgage on real property owned by the

defendants, Selina J. Boothe and J. F. Boothe. Execution thereafter issued, and the plaintiff purchased the property at sheriff's sale on June 20, 1938, but did not go into possession. On July 6, 1938, the defendants Boothe appealed to this court from the decree of foreclosure, and, with C. E. Powell, defendant herein, as surety, on July 22, 1938, filed an undertaking on appeal, in which, after reciting that the defendants Boothe desired to retain possession of the real property from the time of the appeal until the delivery of possession thereof, if the Supreme Court should affirm the decree, they undertook and agreed as follows:

"First. That during the possession of said property by appellants they will not commit or suffer to be committed, any waste thereon, and that if said decree, or any part thereof, be affirmed, the appellants will pay the value of the use and occupation of said property so far as affirmed, from the time of this appeal until the delivery of the possession of said property, not exceeding the sum of $750.00.

"Second. That defendants and appellants will pay all damages, costs and disbursements which may be awarded against them on said appeal."

The decree of foreclosure was affirmed by this court in an opinion rendered January 31, 1939. *Equitable Life Assurance Society v. Boothe*, 160 Or. 679, 86 P. (2d) 960. On June 26, 1939, the plaintiff went into possession of the premises and thereafter brought this action upon the above undertaking to recover the value of the use and occupation of the real property for the period from July 30, 1938, to June 26, 1939. A trial before the court without a jury resulted in a judgment for the plaintiff from which this appeal has been taken.

Apart from some criticisms of certain allegations of the complaint and of the findings of the Circuit

Court, which are devoid of merit, the only question for decision is presented by the contention of the defendants that the portion of the undertaking pertaining to the use and occupation of the premises is not authorized by statute and void, and does not, therefore, constitute a basis for recovery.

The undertaking was given in order that the defendants Boothe might, pending the appeal, retain possession of real property which the plaintiff had purchased at the execution sale, and it was authorized by the following provisions of § 10-804, O. C. L. A.:

"The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs, and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following: * * *

"(2) If the judgment or decree appealed from be for the recovery of the possession of real property, for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if such judgment or decree or any part thereof be affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding the sum therein specified, to be ascertained and tried by the court or judge thereof".

The decree in the original suit was one for the foreclosure of a lien on real property. No personal judgment was rendered for the amount of the debt. Every question raised by the defendants as to the validity of the undertaking is decided adversely to them in *German Savings Society v. Kern*, 42 Or. 532, 70 P. 709, and, on the authority of that case, the judgment of the Circuit Court is affirmed.