BALFOUR and others *v.* CITY OF PORTLAND.

*(Circuit Court, D. Oregon.* September 20, 1886.)

TAXATION—ACTION TO RECOVER—ILLEGAL TAX—OVERVALUATION OF PROPERTY.
  The defendant, the city of Portland, by its proper officers, deliberately valued the mortgages of the plaintiffs, for municipal taxation, at double the value it did all other lands for such purpose, and levied a tax thereon accordingly; which was paid by the plaintiffs, under protest, to an officer charged with the duty of collecting the same, on a warrant addressed to him by the defendant, having the force and effect of an execution against the property of the plaintiffs. *Held,* that the persons charged with the valuation of the plaintiffs' property had jurisdiction of the subject, and the proceeding was *quasi* judicial, and therefore the result reached is so far conclusive that the legality of it cannot be questioned in an action at law to recover back the one-half of said tax as illegal.[1]

Action to Recover Money paid Defendant as Taxes.
*Earl C. Bronaugh,* for plaintiff.
*Zera Snow* and *Albert H. Tanner,* for defendant.

DEADY, J.   This action is brought to recover the sum of $586.80, paid to the defendant on April 9, 1885, as taxes levied on certain mortgages owned by the plaintiffs on real property in Portland.   The plaintiffs are British subjects, and the defendant is a municipal corporation of the state of Oregon.   It is alleged in the complaint that the defendant, in the year 1885, for the purpose of municipal taxation. assessed and valued the plaintiff's mortgages on real property within its limits at $130,400, and levied a tax thereon of $1,173.69; that in the course of said assessment the defendant valued the real property within its limits, other than mortgages, at "not exceeding one-third of its real and true value," while the mortgages of the plaintiff were valued "at two-thirds of their real or true value;" that on April 9, 1885, said taxes had become delinquent, and a warrant issued by the defendant for their collection was then in the hands of the chief of police, whose duty it was to execute the same; that said officer threatened to levy upon and sell said mortgages unless said taxes were immediately paid, whereupon, and in consequence of said threat, the plaintiffs, on April 11, 1885, did, under protest in writing, pay said taxes to said officer, who thereafter paid the same to the defendant; and that no other or greater sum was justly payable to the defendant on account of said mortgages, and as taxes thereon, than $586.80; wherefore the plaintiffs are entitled to recover back the sum of $586.80, and interest thereon from the date of payment.   The defendant demurs to the complaint for that it does not state facts sufficient to constitute a cause of action.

The defendant is authorized, (Charter, § 37,) within the city, "to assess, levy, and collect taxes," for municipal purposes, on all prop-

---

[1] See note at end of case.

erty taxable, by law, for state or county purposes. The assessment is made (Charter, § 53) by copying the list of taxable property from the assessment roll of the county, with the valuation affixed thereto by the assessor. The council has power to equalize such assessment, and any person feeling himself aggrieved thereby may apply thereto, to have the same revised. Delinquent taxes are collected (Charter, §§ 132, 133) by warrant addressed to the chief of police, which warrant has the force and effect of an execution against the property of the delinquent. The payment of this tax was compulsory, and, if it is illegal, the plaintiffs are entitled to recover it back without reference to the protest. The tax was demanded by an officer armed with a warrant for its collection. *Mariposa Co.* v. *Bowman*, Deady, 228; *Hendy* v. *Soule*, Id. 402; *Railway Co.* v. *Commissioners*, 98 U. S. 541. It is admitted that the plaintiff's mortgages were subject to assessment and taxation for municipal purposes. Sess. Laws 1882, p. 64; *Mumford* v. *Sewall*, 11 Or. 67; S. C. 4 Pac. Rep. 585; *Crawford* v. *Linn Co.*, 11 Or. 482; S. C. 5 Pac. Rep. 738; *Mortgage Tax Cases*, 24 Fed. Rep. 197.

The assessment and levy in question is a *quasi* judicial proceeding; and, the subject-matter being within the jurisdiction of the defendant, its action, so long as no rule or principle is violated, cannot be questioned collaterally. The remedy for any mere overvaluation of the property incident to the infirmity of human judgment is an appeal to the council, as provided by statute. *Buffalo & S. L. Ry. Co.* v. *Board of Supervisors*, 48 N. Y. 93; Cooley, Tax'n, (2d Ed.) 748. But an overvaluation of property which is the result of improper motives on the part of those charged with the duty of making or revising the assessment, or the adoption of a rule of valuation designed to operate unequally on a class in violation of the constitutional requirement of uniformity, may be corrected in equity by an injunction against the collection of the excess, on the payment of what is justly due. *Cummings* v. *National Bank*, 101 U. S. 153; *Mortgage Tax Cases*, 24 Fed. Rep. 197; Cooley, Tax'n, (2d Ed.) 784.

It is admitted by the demurrer that in the assessment of mortgages within its jurisdiction the defendant systematically and deliberately valued them double as high as other lands, for no other reason than that they represented money loaned. To prevent the injury resulting to themselves from this illegal action, the plaintiffs might have proceeded at law by a writ of review, on the ground that the assessment was purposely made in violation of the law requiring a "uniform and equal rate of assessment and taxation,"—Const. Or. art. 9, § 1; Cooley, Tax'n, (2d Ed.) 758,—or they might have paid the one-half of the tax, and proceeded in equity to enjoin the collection of the remainder, —*Cummings* v. *National Bank*, 101 U. S. 153; *Mortgage Tax Cases*, 24 Fed. Rep. 197; Cooley, Tax'n, (2d Ed.) 784,—but I find no authority for paying the tax as a whole, and then suing at law to recover back the alleged excess. The tax does not consist of distinct items, levied under different laws, for distinct purposes, one of which may

be legal and the other illegal. It was levied and collected as a whole, and as such is not illegal. The property was subject to taxation by the authority and for the purpose alleged. True, the result reached was erroneous, because of the willful disregard in the proceeding of the law requiring uniformity in the valuation of property for taxation within the jurisdiction of the defendant. Still, the proceeding being *quasi* judicial, and the subject-matter within the jurisdiction of the officers who conducted it, the result reached is so far conclusive that the legality of it cannot be questioned in an action at law to recover back the one-half of the tax as illegal.

A suit to enjoin the collection of this tax, so far as it is based on an improper valuation of the property, could have been maintained by the plaintiffs on the ground of fraud,—a recognized head of equity jurisdiction. Cooley, Tax'n, (2d Ed.) 784. For such purpose, such an assessment is considered a fraud on the party concerned, against which equity will give relief; and therefore it is a question, under the circumstances, whether the payment of this tax was really compulsory, when the plaintiffs might, by a resort to equity, have prevented its collection. The truth is, the protest was made against the payment of the whole tax on the ground of the invalidity of the act of 1882 providing for the taxation, as land, of a debt secured by mortgage on real property, and not on the illegal rule of assessment adopted in making the valuation of the property. The question of the illegality of such assessments was not made in this class of cases prior to *Mortgage Tax Cases*, 24 Fed. Rep. 197, (decided in July, 1885.)

The demurrer must be sustained, and it is so ordered.

NOTE.

TAXATION—ILLEGAL ASSESSMENT—RECOVERY OF TAX: The proceeding for the assessment of property is judicial in its character, Santa Clara Co. v. Southern Pac. Ry. Co., 18 Fed. Rep. 385; Miller v. Hurford, (Neb.) 12 N. W. Rep. 832; Moss v. Cummins, (Mich.) 6 N. W. Rep. 843; and the judgment, though erroneous or unjust, is not void, McDonald v. City of Escanaba, (Mich.) 29 N. W. Rep. 93; Miller v. Hurford, (Neb.) 12 N. W. Rep. 382; Attorney General v. Sanilac Sup'rs, (Mich.) 3 N. W. Rep. 260; but, if the assessment be imposed without jurisdiction, it is void, Breucher v. Village of Port Chester, (N. Y.) 4 N. E. Rep. 272.

The collection of a tax will not be restrained for inequality in assessment without payment or tender of the portion justly due. Dundee Mortgage Trust Investment Co. v. Parrish, 24 Fed. Rep. 197; Grimmell v. Des Moines, (Iowa,) 10 N. W. Rep. 330.

A payment under a void assessment is voluntary, and cannot be recovered. Sonoma Co. Tax Case, 13 Fed. Rep. 789, and note; Dunnell Manuf'g Co. v. Newell, (R. I.) 2 Atl. Rep. 766; Welton v. Merrick Co., (Neb.) 20 N. W. Rep. 111; Younger v. Board Sup'rs, etc., (Cal.) 9 Pac. Rep. 103. See, to the contrary, Breucher v. Village of Port Chester, (N. Y.) 4 N. E. Rep. 272; Newsom v. Board Com'rs, etc., (Ind.) 3 N. E. Rep. 163; Thomas v. City of Burlington, (Iowa,) 28 N. W. Rep. 480; Winzer v. City of Burlington, (Iowa,) 27 N. W. Rep. 241.