[Decided July 5, 1894.]

## WELCH v. CITY OF ASTORIA.

[S. C. 37 Pac. 66.]

| 26 | 89 |
|----|-----|
| 26 | 598 |
| 26 | 599 |
| 37* | 66 |
| 40* | 229 |
| 40* | 230 |
| 26 | 89 |
| 39 | 158 |
| 26 | 89 |
| e42 | 140 |

PLEADING — TENDER — TAXES. — A bill to restrain the collection of taxes on the ground that they are excessive is insufficient where it alleges that plaintiff tendered to the tax collector a designated amount conceded by him to be due, which the collector refused to receive, but does not show that such tender was kept good by depositing the money in court.

APPEAL from Clatsop: THOS. A. MCBRIDE, Judge.

NOTE.—The great multitude of cases more or less conflicting on the right to an injunction to restrain the collection of illegal taxes are collected and analyzed in a note to the case of *Odlin* v. *Woodruff* ( Florida), 22 L. R. A. 699. — REPORTER.

This is a suit by Nancy Welch against the City of Astoria and others to restrain the collection of city taxes on certain real property owned by the plaintiff. The complaint is made up largely of averments which are intended to show that the defendant city, through its agents, purposely and fraudulently omitted and refused to assess mortgages on real estate representing a large sum, and that, by reason thereof, plaintiff's taxes are greatly increased in the sum of —— dollars. It also alleges that the sum of five hundred and thirty-seven dollars is a reasonable tax upon the property of plaintiff, the same being based upon the valuation put by the assessor and county court of Clatsop County upon the same property listed on the assessment roll of said county for the year eighteen hundred and ninety-two; that said plaintiff tendered said amount in full payment of all taxes, which tender was refused by the tax collector, who threatens to, and will, unless restrained by order of the court, proceed to sell said lands, and thereby create a cloud upon plaintiff's title therein, etc. A temporary injunction was granted, whereupon the defendants answered, specifically denying the allegations of the complaint, and setting up new matter as an estoppel, to which plaintiff demurred. Upon the issues thus joined the defendant filed a motion to "dissolve the temporary injunction for the reason that each and every material allegation of the complaint is denied by the answer filed, and that the complaint sets forth no equitable ground for an injunction," which motion was allowed, and a decree rendered dismissing the complaint, from which decree this appeal is prosecuted.          AFFIRMED.

*Mr. George Noland*, for Appellant.

*Mr. F. D. Winton*, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

Our Code provides that "a mortgage, deed of trust, contract, or other obligation, whereby land or real property situated in more than one county in this state is made security for the payment of a debt, shall, for the purpose of assessment and taxation, be deemed and treated as land or real property": Hill's Code, § 2735.   It also provides that "all property, real and personal, within this state, not expressly exempt therefrom, shall be subject to taxation in the manner provided by law": Hill's Code, § 2729. The charter of Astoria provides that "the assessment of property must be made in the manner prescribed by law for assessing property for state and county purposes": City Charter, § 53.   From these provisions it is clear that mortgages are subject to assessment and taxation for municipal purposes: *Balfour* v. *City of Portland*, 12 Sawy. 122, 28 Fed. 738.   To fraudulently omit them from the assessment roll is a wilful violation of law, and a fraud upon the rights of taxpayers which entitles them to be relieved in equity of the tax in excess of that which is just and legal, upon the payment of what is due; and we do not understand that the court below held otherwise, but that it dismissed the complaint because the allegation of tender does not show that it was kept good by depositing the money in court ready to be paid to the defendant.   The allegation is: "That said plaintiff tendered said amount (five hundred and thirty-seven dollars) in full payment of all taxes, and which tender was made both in money and in writing, the whole of which was refused by said chief of police."   An allegation of tender is usually to the effect that the defendant has always been ready to pay the admitted debt, and before the commencement of the action tendered it to the plaintiff, and now brings it into court ready to be paid to him.   In other words, the plea of tender must be accompanied by the actual payment of the amount into court, such payment being, in fact, set out in

the allegation. As the allegation only shows that the plaintiff tendered the sum specified, as her just proportion of the tax assessed, to the chief of police, who refused to receive it in payment of her taxes, the court below was of the opinion that, as the plaintiff should be required to do equity as a condition of relief, the allegation ought also to show that the tender was kept good by a deposit in court. A court of equity will not extend aid to a party who is himself at fault. The rule is that he who seeks equity at the hands of the court must first do equity. Where a party comes into a court of equity asking to be relieved of the payment of taxes on the ground of their being excessive or illegal, he must do equity by offering to pay the amount justly due from him, and upon this condition alone will relief be granted.

"It is not sufficient," says Mr. Justice MILLER, "to say in the bill that they are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted. The state is not to be thus tied up as to that of which there is no contest, by lumping it with that which is really contested. If the proper officer refuses to receive a part of the tax, it must be tendered, and tendered without the condition annexed of a receipt in full for all the taxes assessed": State Railroad Tax Cases, 92 U. S. 575. As we understand it, adopting the language of Mr. Justice SAWYER, "the court distinctly holds that some tax, according to some rule of taxation, ought to be paid on all taxable property, and that the bill which does not allege a payment of so much of the tax as the party concedes, or, if not conceded, may be seen from the bill, or shown by affidavits, ought to be assessed and paid, does not present any equity to justify an injunction." Here the amount

of the tax conceded to be due is five hundred and thirty-seven dollars, but the complaint nowhere alleges payment, or tender of such amount. The allegation is that the plaintiff tendered such sum to the tax collector, and that he refused to receive it. But if such was the fact, it did not relieve the plaintiff from liability for her taxes. She is asking the interference of equity in tax proceedings, and, as a condition of relief, she is required to do equity, that is, she must first pay what is admitted to be due before she can ask to be relieved from the balance. To entitle her to such relief the complaint must show that she has paid so much on the tax, as is conceded to be due, before she presents any equity to justify an injunction. The complaint must aver payment, or a tender of the amount of the tax that is admitted to be due and legal. But the plea of tender being defective, for the reasons suggested, the plaintiff has not shown herself entitled to the aid of equity to enjoin the collection of such tax. In view of the fact that the complaint states ground for equitable relief, if the tender was kept good, and so alleged, the decree of the court below will be affirmed, except that the complaint is dismissed without prejudice.

AFFIRMED.

---

[Argued March 27, 1894; decided July 5, 1894; rehearing denied.]