Argued June 29, affirmed July 13, 1915.

## SOUTHERN PAC. CO. v. SIEMENS.

(150 Pac. 290.)

**Mandamus—Demurrer—Conclusions.**

1. On petition for *mandamus* to compel a county treasurer to accept the cash, and county warrants tendered in payment of taxes, a defense in an answer admitting the tender and refusal and asserting that the warrants were issued in an attempt to create a voluntary indebtedness in excess of the constitutional limitation, and the pendency of a suit in equity in the Circuit Court of the county and in the United States District Court involving the warrants, was not good as against a demurrer, because it rested largely upon legal conclusions.

[As to duties the performance of which may be compelled by *mandamus*, see note in 125 Am. St. Rep. 492.]

**Mandamus—Defects—Cure by Subsequent Pleading.**

2. An alternative writ of *mandamus* to compel a county treasurer to accept the cash and county warrants tendered in payment of taxes or to show cause for his refusal was not insufficient as not alleging that the money and warrants, tendered before the commencement of the proceeding, had been brought in the court, where the answer specifically admitted defendant's refusal to accept the tender, and admitted by failure to deny the averment of the petition and of the alternative writ that plaintiff was still ready and willing to make such tender and continued to make it.

**Mandamus—Demurrer—Admissions.**

3. In such case, the same allegation as to tender made in the writ was admitted by the demurrer thereto.

**Tender—Payment into Court—Taxes.**

4. Where the county treasurer, defending a *mandamus* proceeding to compel him to accept cash and county warrants in payment of taxes, admitted that the pleadings showed a tender, ability, and willingness to pay, a continuance of the offer, and a refusal to accept, he could not complain that the writ did not allege that plaintiff performed the futile act of bringing the money and warrants into court.

[As to *mandamus* to review decision of tax official, see note in Ann. Cas. 1912B, 786.]

**Mandamus—Effect of Pending Suit—Questions Involved.**

5. *Mandamus* to compel a county treasurer to accept money and county warrants, previously issued to plaintiff for the amount of plaintiff's overpayment of taxes, in payment of taxes for the following year, was not abated by suits in equity pending in the state Circuit Court and in the United States District Court to enjoin the payment of the warrants on the theory that they were void because representing an indebtedness in excess of the constitutional limitation, since there was a difference in the character of the relief asked for and obtainable in the suits and that relief sought by *mandamus*, and since the suits would not completely adjudicate the questions involved.

**Counties—"Debt"—Warrants—Constitutional Limitation.**

6. Warrants issued by the proper county authorities for the amount of an overpayment of taxes do not represent "debts" or liabilities, within Article XI, Section 10, of the Constitution, declaring that no county shall create any debts or liabilities which shall singly or in the aggregate exceed $5,000, except to suppress insurrection or to repel invasion, and were valid.

From Klamath: HENRY L. BENSON, Judge.

Department 2.   Statement by MR. JUSTICE HARRIS.

This is a proceeding by *mandamus* in which the Southern Pacific Company, a corporation, is plaintiff, and J. W. Siemens, as County Treasurer of Klamath

County, Oregon, is defendant.   The facts are as follows:

The plaintiff owns in Klamath County a large amount of taxable property of which only a small part is personalty; the remainder being realty.   The true amount of the taxes to be collected for the year 1912 on account of the personal property owned by the plaintiff was $179.95.   In the preparation of the rolls for the sheriff and tax collector, the assessor had omitted a decimal point in the valuation of the personal property.   The omission of the decimal point had the effect of increasing the taxes on the personalty approximately 100 times more than the correct amount. After the tax-rolls had been placed in the hands of the sheriff, who was then the tax collector, the plaintiff paid to that officer $17,454.99, being the full amount of the taxes appearing against the personal property of plaintiff, less a rebate of 3 per cent allowed by law. The error made by the assessor was overlooked by the sheriff and was not discovered by the plaintiff until about a month after payment, whereupon demand was made for a return of the difference between $17,-454.99, the sum paid, and $179.95, the correct amount. Having expended the money, the proper authorities of Klamath County directed the issuance of warrants for the amount of the overpayment, and accordingly, on July 24, 1913, three county warrants for $5,000 each and one for $2,280.45 were issued to the plaintiff.

For the purpose of enjoining the payment of the warrants held by the Southern Pacific Company and others, a suit in equity was commenced in the Circuit Court for Klamath County on November 17, 1913, by Henry Rabbes, as plaintiff, against C. C. Low, Sheriff, J. W. Siemens, Treasurer, the Southern Pacific Com-

pany, and others. The complaint filed by Henry Rabbes avers that at all times since January 31, 1911, the outstanding voluntary indebtedness of Klamath County exceeded $5,000, in violation of Section 10 of Article XI of the state Constitution; that the warrants issued to the Southern Pacific Company represented a part of the unlawful indebtedness, and on that account are unconstitutional and void; and that the warrants will be paid, unless the county officers are enjoined.

On March 2, 1914, the Weyerhaeuser Land Company, a corporation, and others, commenced a suit in equity in the District Court of the United States for the District of Oregon against J. W. Siemens, as Treasurer of Klamath County, and others, for the purpose of preventing the payment of the warrants held by the Southern Pacific Company and others; it being alleged in the petition that the voluntary indebtedness exceeded $5,000, in violation of the state Constitution, and that the warrants held by the Southern Pacific Company were a part of the prohibited indebtedness.

The taxes levied against the entire property of the plaintiff for the year 1913 and payable in 1914 aggregated $23,193.14. On March 30, 1914, the plaintiff attempted to pay its taxes then due by tendering to the defendant J. W. Siemens, as County Treasurer of Klamath County, upon whom had been imposed the duties of tax collector (Laws 1913, c. 184), the sum of $12,793.24 in cash and two of the heretofore mentioned $5,000 warrants upon which $400 was due as interest, making a total tender of the full amount of the taxes. The offer was refused, and, upon the petition of plaintiff on March 31, 1914, a writ of *mandamus* was directed to the defendant commanding him to accept the cash and warrants tendered or to show cause for his refusal.

A demurrer to the writ having been overruled, the defendant filed a plea in abatement showing the pendency of the suit in equity wherein Henry Rabbes is plaintiff and J. W. Siemens, Treasurer, the Southern Pacific Company, and others, are defendants. The plea avers that the parties appearing in the writ of *mandamus* are also parties to the suit in equity; that the warrants held by the Southern Pacific Company are involved in both proceedings; and that a determination of the suit in equity would be decisive of the present controversy.

A demurrer to the plea in abatement having been sustained, the defendant interposed an answer admitting the tender and refusal to accept the cash and warrants in payment of the taxes levied against the property of plaintiff and asserting three separate defenses, the first of which was based upon the claim that the warrants held and offered by the plaintiff were issued in an attempt to create a voluntary indebtedness in excess of the constitutional limitation; the pendency of the suit in equity commenced by Henry Rabbes in the Circuit Court of Klamath County is invoked as a second defense; and the existence of the undetermined suit in the District Court of the United States for the District of Oregon is relied upon as the third defense. A demurrer to the answer was sustained, and, the defendant declining to plead further, a judgment was rendered commanding an acceptance of the cash and warrants by the county treasurer, who thereupon appealed.                                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Kuykendall & Ferguson,* with an oral argument by *Mr. Delmon B. Kuykendall.*

For respondent there was a brief over the names of *Mr. Ben C. Dey, Mr. William D. Fenton* and *Messrs. Stone & Gale,* with an oral argument by *Mr. Dey.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The first affirmative defense appearing in the answer was vulnerable when assailed by demurrer because the defense rested largely upon legal conclusions: *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004).

2. The defendant argues that the alternative writ is not sufficient because it fails to allege that the money and warrants tendered before the commencement of the *mandamus* proceeding had been brought into court. It must be remembered, however, that the answer specifically admits that the defendant refused to accept the tender made by the plaintiff; and, furthermore, the answer does not deny, and therefore admits, the averment appearing in both the petition and alternative writ that the plaintiff "is still able, ready and willing to make said tender, and continues to make the same." The question presented here does not involve the consideration of Section 574, L. O. L., which permits a tenderer in certain cases to evade liability for costs by bringing the amount of the tender into court and is not analogous to cases construing that section, like *Jacobs* v. *Oren,* 30 Or. 593 (48 Pac. 431); *McGee* v. *Beckley,* 54 Or. 250 (102 Pac. 303, 103 Pac. 61); *Anderson* v. *Griffith,* 51 Or. 116 (93 Pac. 934). The present controversy is likewise distinguishable from suits requiring the doing of equity before equitable relief can be asked for, as where a complainant concedes that he is justly liable for a certain sum but seeks to avoid payment of all in excess of that sum: *Welch* v. *Astoria,* 26 Or. 89 (37 Pac. 66); *Hamblin Real Est. Co.* v. *Astoria,*

26 Or. 599 (40 Pac. 230). The sole purpose of plaintiff is to compel the defendant to accept the money and warrants tendered, while the single design of defendant, evidenced by his resistance to the utmost, is to thwart the expressed desire of plaintiff. The defendant not only admits the tender, the ability, and willingness of plaintiff to pay and the continuance of the offer, but he also in effect declares that he will not accept the tender, unless compelled to do so by a final judgment of the court.

3, 4. The demurrer admits every fact pleaded in the writ, and therefore whether the question of tender is determined on the writ and demurrer thereto or on the writ and answer the admissions made by the defendant are the same; and when he concedes that the pleadings show a tender, ability and willingness to pay, a continuance of the offer, and at all times a refusal to accept, he cannot complain because the writ does not allege that the plaintiff performed the futile act of bringing the money and warrants into court. Idle ceremonies and vain things are not required by the law: *Eldriedge v. Hoefer,* 52 Or. 241 (93 Pac. 246, 94 Pac. 563) ; *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1) ; *Whitney Co., Limited,* v. *Smith,* 63 Or. 187 (126 Pac. 1000). A judgment for the plaintiff only affirms its right to pay and commands the defendant to accept the payment when the money and warrants are proffered. The judgment does not by its own force satisfy and cancel any indebtedness, but it merely defines a right which the plaintiff may exercise and a duty which the defendant must perform when the former makes use of the defined right.

5. The remaining assignment of error arises out of the ruling of the trial judge who held that the litiga-

tion pending in the Circuit Court for Klamath County and in the District Court of the United States for the District of Oregon did not necessarily abate the *mandamus* proceeding. The suits in equity were prosecuted on the theory that the warrants held by plaintiff and others are unconstitutional and void. The answer of defendant, in the *mandamus* proceeding, although not sufficient because pleading conclusions of law, seeks to question the validity of the warrants, and therefore the legality of the paper issued by the county is a question which could be involved in the instant case and is involved in the suits in equity. Decrees in the suits in equity declaring the validity of the warrants would afford some of the relief, but not all, sought by the writ of *mandamus,* because the decrees would proceed no further than to determine the worth of the warrants. If the paper is void, the county would be enjoined from paying. If the warrants are valid, the decrees would so declare; but, in such event, this plaintiff would still be obliged to call for the aid of a writ of *mandamus* if the County Treasurer should continue to refuse to accept the tendered warrants. All the relief sought by *mandamus* cannot be obtained in the suits in equity. There is also a difference in the character of the relief asked for. The suits will not result in a complete adjudication of the questions involved; and consequently the instant case is not necessarily abated by the prior litigation: 1 Cyc. 29; 1 C. J., § 92; 26 Cyc. 184.

6. Although the answer did not allege sufficient facts to support the legal conclusion of the defendant that the warrants are void, nevertheless, on the facts stated herein and conceded at the oral argument, there is no hesitancy in announcing that the inevitable conclusion

is that the warrants issued to the plaintiff are valid, and they do not represent the character of indebtedness which is prohibited by the Constitution.

The rulings made by the trial court were correct, and the judgment appealed from is affirmed.

                                                        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.