Argued March 28, reversed April 11, 1956

# STATE HIGHWAY COMMISSION *v.* EFEM WAREHOUSE CO.

## 295 P. 2d 1101

*John C. McLean,* Salem, argued the cause for appellant. On the briefs were Robert Y. Thornton, Attorney General; C. W. Enfield, Leonard I. Lindas,

Charles Peterson, and Ralph Wyckoff, Assistant Attorneys General, all of Salem.

*Carmie R. Dafoe, Jr.*, Portland, argued the cause for respondent. With him on the brief were Sabin and Malarkey, Portland.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This is an appeal by the plaintiff, State Highway Commission of the state of Oregon, from that portion of a final judgment in a condemnation proceeding which awarded to defendant, Efem Warehouse Co., an Oregon corporation, costs and disbursements and an attorney's fee.

Efem Warehouse Co. was the owner of a tract of land in the city of Portland, which was needed for right of way purposes in the construction of the T. H. Banfield Expressway through Sullivan gulch in said city. After negotiating, without success, for the purchase of said land, pursuant to the provisions of ORS 366.370, the plaintiff filed its complaint for condemnation. In its complaint plaintiff alleged that the true value of the real property sought was the sum of $3,700. Defendant in its answer alleged the true value of the property to be the sum of $15,000, and that $2,500 was a reasonable sum to be allowed as an attorney's fee. By its reply plaintiff denied that $15,000, or any sum in excess of $3,700, was the true value of the property, and denied that $2,500 or any other sum was a reasonable attorney's fee to be allowed.

Upon the issues formed by the pleadings, a trial was held. The jury returned a verdict fixing as the fair

market value of defendant's property the sum of $4,000. The trial court entered judgment condemning and appropriating the real property, fixing the price therefor as determined by the verdict in the sum of $4,000, and awarded defendant its costs and disbursements, together with the further sum of $750 as a reasonable attorney's fee. It is from that portion of the judgment awarding costs, disbursements, and attorney's fee that plaintiff appeals.

Prior to the filing of plaintiff's complaint in the condemnation proceeding, the State Highway Commission, acting by and through its chief counsel, wrote the following letter to defendant:

"I have been authorized by the State Highway Commission to offer to you, and do hereby offer and tender to you, the sum of $4,800.00 for a warranty deed conveying the said real property [the real property in question] to the State of Oregon, by and through its State Highway Commission, free and clear of all liens and encumbrances, including the taxes for the fiscal year during which the State of Oregon receives title to or takes possession of the said real property.

"Kindly let me have your immediate acceptance or rejection of this offer, for in the event we are unable to reach a satisfactory agreement, I have been instructed to institute and prosecute to final determination such condemnation proceedings as may be necessary. It is sincerely hoped, however, that no such action will be required, and that a settlement will be reached upon the basis of the offer herein made."

According to the stipulated facts, this letter was mailed March 18, 1953, was received by defendant the following day, and plaintiff filed its complaint on March 30, 1953. Defendant made no objections what-

ever to said offer prior to the commencement of the action.

The sole question for determination is whether or not, in the light of the offer made by plaintiff before action was commenced, defendant was entitled to recover costs, disbursements, and a reasonable attorney's fee.

The Oregon State Highway Commission is a quasi-public corporation, an agency of the state. It is vested with broad powers but, of course, possesses no authority other than that conferred upon it by statute.

ORS 366.380 (7) provides:

"(7) The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; *but if it appears that the commission tendered the defendants before commencing the action* an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants." (Italics ours.)

Plaintiff contends that in the light of its offer of $4,800 for the property prior to the commencement of the action, defendant is not entitled to recover costs, disbursements, and an attorney's fee, because the amount fixed by the jury was less than that sum, to-wit, $4,000. Answering this contention, defendent asserts several propositions as follows:

1. To defeat the right of a property owner in a condemnation suit to its costs and attorney's fee, the state must have *tendered* it an amount equal to or greater than that assessed by the jury, *and a tender must be kept good by a deposit in court of the amount tendered.*

2. A tender subsequently reduced is ineffectual. In pleading a liability of $3,700, the state thereby

reduced its prior offer and violated the rule that a tender must be kept good to remain effective.

3. A reasonable time must be given to consider a tender. For a tender to be a defense it must have been refused, and refusal will not be implied from silence unless a reasonable time has elapsed.

4. A tender must be unconditional. A tender accompanied by conditions upon which the tenderer has no right to insist is not effectual.

5. A tenderer must show its ability to make its tender good.

In support of its several propositions defendant cites a number of authorities, most, if not all, of which deal with the subject of "tender" in its common-law sense, and not in the light of specific statutes governing the matter. *Portland T. & S. Bank v. Lincoln Realty Co.*, 180 Or 96, 170 P2d 568; *Equitable Life Assur. Soc. v. Boothe,* 160 Or 679, 86 P2d 960; *Dolan v. Continental Casualty Co.,* 133 Or 252, 289 P 1057; *Milton v. Hare et al.,* 130 Or 590, 280 P 511; *Anderson v. Griffith,* 51 Or 116, 93 P 934; *Welch v. City of Astoria,* 26 Or 89, 37 P 66; *Holladay v. Holladay,* 13 Or 523, 11 P 260, 12 P 821; Hunt on Tender 540, § 478; 486, § 418; 397, § 360; 86 CJS 588, § 58; 583, § 52; 571, § 29.

In 52 Am Jur 214, Tender § 1, it is stated:

"* * * The general common-law rules of tender do not apply where the matter of tender is regulated by statute in a particular matter or proceeding, as, for example, in a condemnation proceeding."

■ At common law neither party to a condemnation proceeding could recover costs. Costs and an attorney's fee are strictly matters for statutory regulation. *Warm Springs Irr. Dist. v. Pacific L. Co.,* 89 Or 19, 23, 173 P 265. In condemnation proceedings instituted

by the Highway Commission, the matter is governed by ORS 366.380 (7), supra.

In determining the matter now before us, it is necessary to consider other sections of the highway code respecting the powers and duties of the Highway Commission.

ORS 366.360 provides:

"In all cases where title to real property is acquired by the commission either by donation, agreement or exercise of the power of eminent domain, a title in fee simple may be taken."

ORS 366.370 in part provides:

"(1) Whenever in the judgment of the commission it is necessary to acquire real property for any of the purposes for which the commission is authorized by law to acquire real property, *the commission may,* after first declaring by resolution that the real property is necessary and the purpose for which it is required, *attempt to agree with the owner of any interest in the real property with respect to the compensation to be paid therefore,* and the damages, if any, for the taking thereof.

"\* \* \* \* \* \*

"(3) It is not prerequisite to the exercise of the right of eminent domain, or to the bringing of any condemnation proceedings to acquire title to any land lying within the boundaries of a state highway as adopted by the commission, to attempt first to agree with any owner of any such land or to allege or prove any effort to agree with such owner as to reasonable value where such owner is at the time concealed within the state or, after reasonable effort by the commission, cannot be found within the state.   (Italics ours.)

ORS 366.390 in part provides:

"At any time after proceedings have been commenced or instituted to acquire title to any real

property the commission may enter into possession of any or all of such real property and make use thereof for the purposes for which the same is being appropriated.''

ORS 366.392 provides:

''Whenever the State Highway Commission has commenced an action or proceeding for the condemnation of any real property, and immediate possession of said real property is deemed necessary by the commission, the commission may certify to the Secretary of State such facts, together with an authorization for advancement out of the State Highway Fund of the amount estimated by the commission to be just compensation for said real property. Upon receipt of such certificate and authorization from the State Highway Commission the Secretary of State shall immediately draw a warrant in favor of the clerk of the court wherein said action or proceeding was commenced, in the amount authorized by said commission, to the use of the defendants in said action or proceeding.''

No authority is given the Highway Commission to tender any money into court for any purpose prior to a judgment in condemnation, except as provided in ORS 366.392, supra.

■■ It is noted that ORS 366.370, supra, imposes a duty upon the Highway Commission to negotiate for and, if possible, purchase the property necessary for its purposes prior to the institution of condemnation proceedings. The duty is a mandatory one, and a failure to perform it is excusable only if the ''owner is at the time concealed within the state or, after reasonable effort by the commission cannot be found within the state.'' Considering the highway code as a whole, it is manifest that the legislature contemplated that when such property was purchased as the result of negotiations, a fee simple title thereto might be acquired.

ORS 366.360, supra, and ORS 366.380 (5), which provides:

"Upon the payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property, rights, easements or interests in question to the state; and thereafter the same shall be the property of the state *absolutely* and may thereafter be used for any public purpose."

■■ The offer made by the Highway Commission in its letter of March 18, 1953, was clearly a tender made pursuant to its statutory duty to attempt a purchase without the necessity of condemnation proceedings. Requesting a warranty deed was not improper, nor did it impose a condition upon which the Highway Commission had no right to insist. In fact, it was a condition of purchase contemplated by the highway code. *Comstock Mfg. Co. v. Schiffmann et al.,* 113 Or 677, 684, 234 P 293.

ORS 81.010 provides:

"An offer in writing to pay a particular sum of money or to deliver a written instrument or specific personal property is, if not accepted, equivalent to the actual production and tender of the money, instrument or property."

ORS 81.020 provides:

"The person to whom a tender is made shall at that time specify any objection he may have to the money, instrument or property or he shall be deemed to have waived it; and if the objection is to the amount of money, the terms of the instrument or the amount or kind of property, he must specify the amount, terms or kind which he requires or be precluded from objecting afterwards."

■ As before observed, upon receipt of plaintiff's offer, defendant made no objections to its form or substance; it simply refused to accept the offer. Even

if the condition in the offer as to a warranty deed (conveying fee simple title) was improper, under the provisions of ORS 81.020, the objection was clearly waived by defendant. Defendant was afforded ample time within which to consider and accept the offer prior to the time the action was commenced.

■ There is no merit in the contention that plaintiff was required to allege or prove its ability to make its offer good. The good faith and credit of the state is presumed. *State v. Mohler et al.*, 115 Or 562, 575, 237 P 690, 239 P 193.

■ ORS 366.380 (7), supra, does not require that the money offered be tendered into court in the event condemnation proceedings are instituted, in order that liability for costs, disbursements, and an attorney's fee may be avoided. It simply provides for an offer prior to the commencement of the action of an amount in excess of that finally awarded by the jury. Plaintiff made such an offer. It complied with the statute. It had no authority to tender the amount of its offer into court.

■ The allegation in plaintiff's complaint that the real property involved was worth no more than $3,700 has no bearing whatever upon the offer it made on March 18, 1953. The allegation in the complaint as to the value of the property in no sense constituted a new offer for the purchase of the property within the meaning of ORS 366.380 (7), supra.

Under the circumstances of this case defendant was not entitled to recover costs, disbursements, and an attorney's fee.

The portion of the judgment appealed from is reversed and this cause remanded with directions to strike from the judgment the award of costs, disbursements, and an attorney's fee to the defendant.