Argued April 2, reversed April 17, 1963

STATE HIGHWAY COMMISSION *v.* LYTLE ET AL

380 P. 2d 811

*E. R. Bashaw,* Medford, argued the cause for appellants. On the briefs were Jones, Reeder & Bashaw, Medford.

*J. Robert Patterson,* Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas and Leslie B. Hampton, Assistant Attorneys General, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

## SLOAN, J.

Defendants appeal from the refusal of the trial court to allow them their attorney's fee in this condemnation case. The circumstances which created the dispute are unusual to the extent that no similar case has come before this court. We will limit our consideration to the ultimate facts we rely on for decision.

By letter dated February 23, 1961, plaintiff gave formal notice to defendants of its intention to take from defendants certain property described in the letter. The letter contained an offer to pay defendants $20,150 for the property being taken. On March 3, 1961, plaintiff filed its complaint to condemn the property described in the above letter. The complaint alleged the value of the property to be $18,000. By two amendments to the complaint, made before the start of the trial, plaintiff reduced the amount of property it sought to take. The amended complaint materially reduced the alleged value of the property as described in the amended complaints. Plaintiff, however, did not revise its tender of $20,150 for the property. A day or so before the start of the trial, defendants submitted to plaintiff an acceptance of the tender of $20,150. Plaintiff refused to pay that amount and made an oral counter proposal to pay $18,000 for the property to be actually taken. Defendants declined to accept the latter amount. The jury awarded defendants $19,500.

Following the trial, the court held a supplemental hearing to determine, under the circumstances stated, the right of defendants to an attorney's fee. The trial

court strictly construed the statute and held that the tender of $20,150 made before the complaint was filed had conformed to the requirements of the statute and denied attorney's fee. ORS 366.380 (9) regulates the allowance of an attorney's fee:

> "The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."

██ The first clause of the statute is in positive language and permits the court to fix the fee. The only exception thereto is that stated. And the exception applies only when the amount tendered by the plaintiff equals or exceeds the amount "assessed by the jury." The jury determines the value of the property as that property is described and identified to the jury by the pleadings upon which trial is had, not the value of the property described in the tender. If there has been a material reduction in the amount of property involved in the taking between the event of the tender and the event of the jury's evaluation, there is no basis of comparison of the two values specified by the statute. A tender for property of a given size and description cannot be held to be a tender for property materially reduced in quantity. Plaintiff recognized this elemental proposition when it refused to pay the amount of the tender when defendants offered to accept it.

We hold that when, within the procedure prescribed by ORS 366.380, the amount of property described in

the complaint upon which the case is tried is materially less than that described in the tender, then that tender so made would not be available to plaintiff in determining defendants' right to attorney's fee. Upon the facts of the instant case the situation was as though no tender for the property actually taken had been made at all.

This would not follow, of course, if plaintiff were to acknowledge that the tender as made would continue to bind the plaintiff, if accepted, for the property actually to be taken.

*State Highway Com. v. Efem Whse. Co.*, 1956, 207 Or 237, 295 P2d 1101, 70 ALR2d 797, and similar cases cited by plaintiff decide a different question. We have mentioned the allegations of value as alleged in the various complaints only to show that plaintiff considered the reduced amount of property to be taken as a material reduction. Nor do we think that the arguments about the conflicting evidence of the equities of the parties are material to decision. We are satisfied that the construction we have given the statute is correct. The judgment is reversed with direction to fix a reasonable attorney's fee.