Argued June 5, reversed September 10, petition for
rehearing denied September 29, 1964

# STATE HIGHWAY COMMISSION *v.*
## CLARK ET AL

395 P. 2d 146

*Robert H. Anderson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, and J. Robert Patterson, Assistant Attorney General, Salem.

*Joel B. Reeder,* Medford, argued the cause for respondents. On the brief were Jones and Reeder, Medford.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

PERRY, J.

On March 5, 1963, the plaintiff filed an action in the Circuit Court for Jackson County, seeking to condemn 3.4 acres of land for highway purposes. Prior to the filing of the complaint, and on February 19, 1963, the plaintiff tendered the sum of $2,600 to the defendants J. P. Clark et ux, R. E. Van Vleet et ux, and William Wallace Smith et ux, for a deed to the property.

Prior to the filing of the complaint, and on or about January 14, 1963, the plaintiff learned through Mr. Van Vleet that an earnest money receipt had been executed whereby the defendant William Wallace Smith had agreed to purchase a portion of the Clark and Van Vleet land or, on failure to do so, forfeit the sum of $100, earnest money advanced. The plaintiff thereupon by letter advised Smith of its purpose to condemn the 1.2 acres he was proposing to purchase.

In the complaint filed, the property was treated as a single unit owned by the Clarks and Van Vleets. The complaint also alleged the defendants Smith claimed some right, title or interest in the premises. The Clarks and Van Vleets filed an answer admitting ownership of the land in question with the exception of that portion contracted to the Smiths, which is described by metes and bounds. The defendants Smith on the 14th day of May, 1963, filed an answer alleging they were the owners of a certain portion of the land (describing it) sought to be taken, and alleged they were damaged in the sum of $3,400.

Prior to trial, the defendants Clark and Van Vleet stipulated to accept the sum of $1,250 for the portion of the tract which they had not contracted to sell. The cause was then tried as to the value of the remaining

portion and the jury returned a verdict in the sum of $1,340, as the true cash value of the balance now owned by the defendants Smith.

The trial court found that the verdict was in an amount greater than that tendered by the plaintiff for the property prior to commencing its suit and made an allowance for defendants Smith to recover their attorney's fees, as provided in ORS 366.380(9).

From the trial court's allowance of attorney's fees, the plaintiff appeals.

From the above facts, it appears that prior to filing its complaint the plaintiff tendered the sum of $2,600 for the entire tract of land sought to be taken, and that at the time this tender was made the record title to the property stood in the names of the Clarks and the Van Vleets. It further appears that the plaintiff knew at the time of the tender that Smith held an earnest money receipt by which, if Smith tendered full performance as provided therein, he could require performance by the vendors. *Alpha Phi of Sigma Kappa v. Kincaid,* 180 Or 568, 178 P2d 156. On the other hand, if Smith elected not to perform he would forfeit the $100 earnest money paid.

The question thus presented is whether to comply with the statute as to tender the plaintiff is required to evaluate the interest each person may have in a single tract of real property and make a tender to each owner as his interest may appear, or will a tender to all claiming owners of a lump sum for a single tract suffice?

■ A condemnation proceeding, although brought against named individuals who hold the record title and named individuals who claim some interest therein, is a proceeding in rem. It is a taking of the property it-

self and not a taking of rights of the designated persons. *State Highway Com. v. Burk et al.,* 200 Or 211, 265 P2d 783.

■ The measure of damages is the actual cash market value of the land taken and the depreciation in market value of the portion not taken. *State Highway Com. v. Vella,* 213 Or 386, 323 P2d 941; *State Highway Com. v. Burk et al.,* supra.

All of the land of the defendants Clark, Van Vleet, and Smith in the single tract was being taken so there was no severance value to be ascertained.

In *State Highway Com. v. Burk et al.,* supra, we held that, where several individuals hold different interests in a single tract of land, the jury award must be in a lump sum. We quoted from Lewis on Eminent Domain, *State Highway Com. v. Burk et al.,* 200 Or 211, 243:

> " 'When there are different interests or estates in the property, the proper course is to ascertain the entire compensation as though the property belonged to one person, and then apportion this sum among the different parties according to their respective rights. The value of property can not be enhanced by any distribution of the title or estate among different persons, or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all the parts cannot exceed the whole.' 2 Lewis on Eminent Domain, 3d ed, § 716, p 1253."

ORS 366.380(9), the statute which allows attorney's fees to defendants in condemnation proceedings, is as follows:

> "The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by

> the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."

This statute requires that the tender be made before the commencement of the proceedings and that the adequacy of the tender is to be measured by the award made by the jury.

■ Since the award by the jury as to a single tract of land in which there are different interests is to be based upon the value of land "as though it belonged to one person" and not as to the separate interests of the individuals, it seems clear that to give effect to the statute as to a tender in those cases where separate interests are claimed, the tender must also be in a lump sum to the claimants.

While this case was tried on the basis that there had been a separation of title, it does not appear from the record that the separation of title occurred prior to the filing of the complaint.

■ In our opinion, the condition of the record title at the time of filing the complaint must control the question of tender. If it were otherwise, the efficacy of the tender could be set aside at any time by the distribution of title to various persons subsequent to the filing of the complaint.

■ As previously pointed out, insofar as the record in this case discloses, the defendants Smith at the time this complaint was filed had only a right to acquire the property, not the property itself. We are, therefore, of the opinion that the trial court erred in allowing attorney's fees since the defendants as a group

recovered less than the amount tendered by the plaintiff.

The judgment of the trial court as to the allowance of attorney's fees is reversed and set aside.

DENECKE, J., dissenting.

The statute provides that the landowner is entitled to an attorney's fee unless the amount tendered to the landowner *for the property,* before the commencement of the action, is equal to or greater than the amount assessed by the jury *for the same property.*

In this proceeding the Commission never made a tender for the same parcel of property that was valued in the jury's verdict. Or, conversely, the jury never valued the same parcel of property for which the Commission made a tender. Therefore, an attorney's fee was correctly awarded the landowner.

The Commission tendered to all persons having an interest in the 2.11 acres to be taken, the sum of $2,600; the Smiths were included in this tender. Prior to trial the Commission settled with all the defendants except the Smiths for the sum of $1,250. Pursuant to the settlement the property in which the Smiths had no interest, .77 acre, was withdrawn from the proceeding. A trial was held to determine the value of the remaining 1.34 acres which the Smiths exclusively owned. No tender had been made, at any time, for this parcel. The Commission alleged in its supplemental reply that its true value was not in excess of $67. The jury verdict was $1,340.

In *State Highway Com. v. Lytle,* 234 Or 188, 380 P2d 811 (1963), the Commission made a tender for a parcel of land. The tender was refused and the Commission filed a complaint to condemn the same parcel of property. Subsequently, the Commission amended

its complaint and reduced the amount of property to be condemned. The landowner thereafter attempted to accept the original tender but the Commission refused such acceptance. The jury awarded an amount less than the original tender. We affirmed an award of attorney's fee and stated, "If there has been a material reduction in the amount of property involved in the taking between the event of the tender and the event of the jury's evaluation, there is no basis of comparison of the two values specified by the statute." (234 Or at 190)

It appears to me that this is exactly the situation in this case. There was a material reduction in the amount of the property involved in the taking between the tender and the jury's evaluation. This occurred because of the settlement with the other landowners. There is no basis of comparison between the amount tendered and the jury verdict.