Argued May 19, affirmed July 5, 1978

# URBAN RENEWAL AGENCY OF THE CITY OF SALEM, *Respondent,*
## *v.*
# CAUGHELL et al, *Appellants.*
## (No. 96577, CA 9063)
### 581 P2d 98

Bruce W. Williams, Salem, argued the cause for appellants Caughell and Loughary. With him on the brief was Williams, Spooner & Graves, P.C., Salem.

A. B. Cummins, Jr., Salem, argued the cause for appellant Gerlinger. On the brief were Don A. Dickey and Rhoten, Rhoten & Speerstra, Salem.

Jeannette M. Launer, Assistant City Attorney, Salem, argued the cause for respondent. With her on the brief was William J. Juza, City Attorney, Salem.

Before Schwab, Chief Judge, and Johnson and Gillette, Judges.

JOHNSON, J.

**JOHNSON, J.**

This is an appeal of the order of the trial court in a condemnation action denying defendants costs and attorney's fees. Defendants John S. Caughell, Josephine Loughary and Lenta Caughell (Caughells) owned the land and buildings located on what is designated as lots 2 and 3. Defendant Gerlinger Casting Corporation (Gerlinger) owned an adjoining parcel designated as lot 4, together with fixtures that are located on both lots 3 and 4. The property at issue was lots 2 and 3 and the buildings and fixtures located thereon. The jury verdict and judgment was for $227,319. The jury also made special findings that the value of the Caughells' interest was $211,319 and the Gerlinger interest was $16,000. The relevant facts are as follows:

On March 24, 1976, plaintiff made a written offer to Gerlinger to purchase parcel 4, together with the fixtures located on parcel 3, for $116,860. The offer was broken down to $64,650 for the land, $20,000 for the improvements and $32,210 for the fixtures.

On March 29, 1976, plaintiff made a written offer to the Caughells of $195,000 for lots 2 and 3 and the buildings thereon.

On July 8, 1976, plaintiff made a new written offer to the Caughells in the amount of $220,000.

On August 10, 1976, plaintiff filed the complaint for condemnation against the Caughells only.

On September 20, 1976, plaintiff amended its complaint joining Gerlinger as a party defendant.

On January 28, 1977, plaintiff offered both the Caughells and Gerlinger a lump-sum amount of $240,000 for lots 2 and 3 together with the buildings and fixtures located thereon.

On April 4, 1977, the trial commenced.

■■ ORS 35.346 provides in pertinent part:

"(1) At least 20 days prior to the filing of any action for condemnation of property or any interest therein, the condemner shall make a written offer to the owner or party having an interest to purchase the property or interest, and to pay a stated amount as compensation therefor and for any compensable damages to remaining property.

"(2) If a trial is held for the fixing of the amount of compensation to be awarded to the defendant owner or party having an interest in the property being condemned, the court shall award said defendant costs and disbursements including reasonable attorney fees and reasonable expenses as defined in subsection (2) of ORS 35.335 in the following cases, and no other:

"(a) If the amount of just compensation assessed by the verdict in the trial exceeds the highest written offer in settlement submitted by condemner to those defendants appearing in the action at least 30 days prior to commencement of said trial; or

"(b) If the court finds that the first written offer made by condemner to defendant in settlement prior to filing of the action did not constitute a good faith offer of an amount reasonably believed by condemner to be just compensation.

"* * * * *."

Both defendants contend that they are entitled to attorney's fees because plaintiff failed to make a written offer prior to filing the complaint as required by subsection (1) of the statute. As a general proposition, failure to strictly comply with subsection (1) is not grounds for awarding attorney's fees. Rather, compliance with that subsection is a condition precedent to filing the complaint. If plaintiff in fact failed to comply, then defendants could have moved for dismissal or abatement of the action. They waived the condition by filing their answer.

■ Defendants next contend that the offers made pursuant to subsection (1) were not in good faith, thus entitling them to attorney's fees under subsection (2)(b). The trial court found, and the evidence supports

its finding, that the offers made to defendants more than 20 days prior to filing the complaint and amended complaint were in food faith.

The March 26, 1976 offer to the Caughells conformed with appraisals submitted by independent appraisers employed by plaintiff. It is clear from the evidence that this offer was for the Caughells' interest only and both plaintiff and defendant Caughells were aware that acquisition of the Gerlinger interest was separate and apart from the March 26, 1976 offer to the Caughells.

The March 24, 1976 offer to Gerlinger for lot 4 and the fixtures on lot 3 was likewise based upon the reports of independent appraisers employed by plaintiff. More than 20 days prior to filing the complaint plaintiff provided Gerlinger's counsel with copies of these appraisal reports which gave a breakdown of the amount assigned to the fixtures located on lot 3. The obvious purpose of ORS 35.346(2)(b) is to require the condemner to make a good faith effort to acquire the property by purchase prior to instituting condemnation proceedings. The evidence here indicates that plaintiff made a good faith effort. The fact that plaintiff failed to ever make a separate written offer for the fixtures on lot 3 alone does not establish bad faith urder the circumstances present here, but may have been grounds for a motion to dismiss or abate the amended complaint. Neither defendant is entitled to attorney's fees under ORS 35.346(2)(b).

■ The jury verdict of $227,319 was less than plaintiff's offer of $240,000 made to both parties on January 28, 1977. Defendants nonetheless contend that ORS 35.346(2)(a) is inapplicable to the January 28 offer because there was not a separate offer to each defendant. We disagree. The language of the statute expressly contemplates a lump-sum offer made to several defendants. The verdict must exceed "*the highest written offer* * * * submitted by condemner to *those defendants appearing in the action* * * *." ORS

35.346(2)(a). (Emphasis supplied.) In *Highway Commission v. Clark,* 238 Or 505, 395 P2d 146 (1964), the state tendered to the defendants a lump-sum amount for a single tract being condemned although it was known at the time of the complaint that the defendants had separate and distinct ownership interests in the subject property. The tendered lump-sum amount exceeded the jury's verdict. The Oregon Supreme Court held that defendants were not entitled to attorney's fees under former ORS 366.380(9)[1] reasoning as follows:

> "The question thus presented is whether to comply with the statute as to tender the plaintiff is required to evaluate the interest each person may have in a single tract of real property and make a tender to each owner as his interest may appear, or will a tender to all claiming owners of a lump sum for a single tract suffice?
>
> A condemnation proceeding, although brought against named individuals who hold the record title and named individuals who claim some interest therein, is a proceeding in rem. It is a taking of the property itself and not a taking of rights of the designated persons. * * *" 238 Or at 508-09.

The same rationale applies here. Defendants were not entitled to costs and attorney's fees under ORS 35.346.

Affirmed.

---

[1]Former ORS 366.380(9) provides:

"The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."